FOUGUE, *Appellant,* v. BURGESS.

1. **Evidence:** HEARSAY. Statements of a third person not made in the presence of a party to the suit, are not admissible in evidence against him.
2. **Principal and Agent:** ESTOPPEL. No act or failure to act on the part of an agent will estop his principal, unless the matter comes within the scope of the agency.

*Appeal from Cape Girardeau Circuit Court.*—HON. D. L. HAWKINS, Judge.

REVERSED.

*Lewis Brown* for appellant.

*Cramer, Houck & Ranney* for respondents.

HOUGH, J.—This was an action for an alleged wrongful seizure and conversion by the defendants of a certain sewing machine belonging to the plaintiff. The machine was seized and sold by the defendant Kopper, who was a constable, under an execution in favor of the defendant Burgess, and against one McLain. At the time of the seizure and sale the plaintiff was absent in France, and her son had charge of her dwelling and its contents, among which was the sewing machine in question. At the trial the statements of McLain made to one Taylor in the absence of the plaintiff, indicating that he was the owner of the machine and had a right to sell it, were offered by the defendants and received in evidence against the objections of the plaintiff. These statements were incompetent and inadmissible as admissions of Mc-Lain, and should not have been admitted. McLain was a competent witness, and not being a party to the action, his statements were mere hearsay and could not affect the rights of the plaintiff. They might have been used in the cross-examination of McLain, but they could not be introduced as independent testimony.

*1. EVIDENCE: hearsay.*

The following instruction was given at the request of the defendants: "If you believe from the evidence that

**2. PRINCIPAL AND AGENT: estoppel.** the defendant Kopper was a constable at the time of the seizure of the sewing machine, under an execution placed in his hands to be served, that Paulin Fougue, at the time of the levy and seizure by the constable, was the agent of Mrs. Paulin Fougue, was present and consented to such levy, or made no objections, and set up no ·claim to the machine in Mrs. Paulin Fougue, and agreed to keep the machine safely for the constable until the day of sale, then this plaintiff is now estopped from setting up a title to said machine in this action, although you may believe that the same did in fact belong to Mrs. Paulin Fougue." The facts stated in this instruction do not, in our opinion, constitute an estoppel. The acts named do not appear to have been within the scope of the son's agency, and the mother could not be divested of her property by his consenting to, or failing to resist, the levy. The judgment will be reversed and the cause remanded. The other judges concur.