HARRISON v. THE MISSOURI PACIFIC RAILWAY COMPANY, *Appellant.*

1. **Pleading**: CONTRIBUTORY NEGLIGENCE. A plea of contributory negligence should set out the facts constituting the negligence. It is not sufficient to aver generally that the damages sustained by the adverse party were the result of his own negligence and want of proper care directly contributing to produce the same.

2. ———: PRINCIPAL AND AGENT: CONTRACTS. In a suit against a railroad company for breach of a verbal contract, made with its station agent, to receive and ship plaintiff's cattle, and for that purpose to furnish a certain number of cars at such station on a day stipulated; *Held*, that, as defendant had made it the duty of the agent to receive and forward freight, the contract was within the scope of his apparent authority, and was binding upon the company unless plaintiff had actual knowledge that he had no such authority. For this reason, an allegation in the answer that plaintiff might, by the exercise of ordinary care and prudence, have known the fact of such want of authority, was on motion properly stricken out.

3. **Contracts**: RAILROADS. The performance by a railroad company of its unconditional agreement to furnish cars on a day certain, for the purpose of receiving and shipping freight, is not excused by unavoidable accident and delay preventing the arrival of the cars at the time stipulated.

4. ———: ———: EVIDENCE. Where a railroad company is sued for its breach of a verbal agreement to receive and ship freight on a certain day, a subsequent written contract between the same parties, for the transportation of the same freight, which does not contain

any release of defendant's liability already incurred or waive any right of plaintiff already accrued, is not admissible in evidence to show a merger of the prior verbal agreement.

5. ——: ——: ——. In a suit for the breach of a verbal agreement, a written contract made subsequent to the breach is not admissible in evidence to avoid or defeat plaintiff's action, unless it is set up in the answer.

*Appeal from Lafayette Circuit Court.*—HON. W. T. WOOD, Judge.

AFFIRMED.

*Thos. J. Portis, E. A. Andrews* and *H. S. Priest* for appellant.

Contributory negligence on the part of the plaintiff, that is, the plea that plaintiff caused his own damages, cannot, in any case where damages are sued for, be considered as irrelevant or redundant.

If the plaintiff did know, or might have known, that the agent had no authority to make such a contract to deliver cars at a certain time and place, and still saw proper to take the risk of the agent's being able to do so, anyhow, plaintiff had no right to call on defendant to pay any damages he may have sustained on account of a failure by the agent to carry out such unauthorized promise. Plaintiff knowingly took the risk, and he should stand the consequences.

The evidence did not show that the agent, who is alleged to have made the said verbal contract with plaintiff, was in that particular respect acting or specially authorized to act for the defendant, or. that defendant permitted him to hold himself out to the public as having such authority. *H. & St. Jo. R. R. Co. v. Green,* 68 Mo. 179; *Brown v. R'y Co.,* 67 Mo. 122. *Ayres v. Milroy,* 53 Mo. 523. On the contrary, the proof is that he did not have such authority, and that, by the published and advertised rules of defend-

ant he was positively forbidden to exercise any such authority, and he swore he never did.

It was necessary for plaintiff to allege and prove that the delay in furnishing the cars (even if the alleged verbal contract with the agent was valid) was unnecessary, or caused by a want of due diligence. *Newell v. Smith*, 49 Vt. 230, 255; *Pruitt v. R. R. Co.*, 62 Mo. 527; *Vail v. R. R. Co.*, 63 Mo. 230. "A written contract generally contains the deliberate, definite and final agreement of the parties, and therefore parol evidence of the negotiations prior to the execution of the written instrument is inadmissible either to vary or to contradict the writing." 1 Wait's Actions and Def., 131.

*Alexander Graves* and *Belch & Silver* for respondent.

There was no error in striking out the averments in defendant's answer concerning "negligence and accident," for (*a*) They were so defectively pleaded as to amount to no defense. Code, §§ 3527, 3521; 71 Mo. 516; *Sappington v. Jeffries*, 15 Mo. 628; *Leduke v. R. R. Co.*, 4 Mo. App. 491; *Pier v. Heinrichshoffen*, 52 Mo. 336; *Phillips v. Evans*, 38 Mo. 312; *Thompson v. R. R. Co.*, 51 Mo. 192; *Buesching v. St. Louis Gaslight Co.*, 73 Mo. 219. (*b*) Inevitable accident would be no defense, even if well pleaded. This suit is upon a contract to furnish cars and ship at a prescribed time, and defendant would be held to rigid performance notwithstanding inevitable accident. *The Harriman*, 9 Wall. 172; Hutchinson on Carriers, § 317; Angell on Carriers, § 294; *Place v. Union Express Co.*, 2 Hilton 33; *Atkinson v. Ritchie*, 10 East 530; *Deming v. R. R. Co.*, 48 N. H. 455; *Spence v. Chadwick*, 10 Q. B. 517; *Hadley v. Clark*, 8 T. R. 267; *Youqua v. Nixon*, 1 Peters C. C. 221; *Harmony v. Bingham*, 2 Kernan 99; *Parmalee v. Wilks*, 22 Barb. 539; *Paradine v. Jane*, Aleyn 26.

The shipper has a right to presume authority in the station agent to make such a contract as that sued upon, and

nothing short of actual knowledge will affect the shipper. *Northrup v. Ins. Co.*, 47 Mo. 439; *Pruitt v. R. R. Co.*, 62 Mo. 540; *Kerr v. Willan*, 2 Stark. 53; *Wilson v. Railway*, 18 Eng. Law & Eq. 557, 558, 559; *B. & O. R. R. Co. v. Brady*, 32 Md. 333; *Deming v. R. R. Co.*, 48 N. H. 455; 2 Redfield on Railways, (3 Ed.) 113; Story on Agency, (8 Ed.) §§ 127, 443; *Goodrich v. Thompson*, 44 N. Y. 324. The parol contract was not merged in the bill of lading, and defendant having failed to plead his bill of lading, it could not be considered by the jury. *Strohn v. R. R. Co.*, 21 Wis. 562, 554; *C. & T. R. R. Co. v. Perkins*, 17 Mich. 296; *Detroit & M. R'y Co. v. Adams*, 15 Mich. 458; *Bostwick v. B. & O. R. R. Co.*, 45 N. Y. 712; *Coffin v. R. R. Co.*, 64 Barb. 380; *King v. Woolbridge*, 34 Vt. 565; *Oxley v. R. R. Co.*, 65 Mo. 629; *Northrup v. Ins. Co.*, 47 Mo. 436; Pomeroy on Remedies, §§ 710, 705; 29 Barb. 170.

NORTON, J.—This is a suit instituted in the circuit court of Lafayette county by a petition which substantially alleges that plaintiff, who was a dealer in and shipper of cattle to St. Louis, on or about the 23rd day of June, 1877, entered into a verbal contract with defendant, whereby defendant agreed and bound itself to receive and ship 194 head of plaintiff's cattle from Lexington to St. Louis on Monday, the 25th day of June, 1877, and for that purpose defendant expressly agreed and bound itself to furnish thirteen stock cars at its depot in Lexington on the day and year last aforesaid; that defendant entered into said contract with full knowledge that plaintiff was shipping said cattle to St. Louis for the purpose of selling the same on speculation; that defendant wholly failed to furnish the said thirteen cars on the 25th day of June, 1877, and would not and did not provide plaintiff any means for the transportation of said cattle, nor would not receive said cattle for transportation till Tuesday evening of June 26th, 1877; that if plaintiff's cattle had been received and shipped in the cars agreed to be furnished on the 25th day of June,

they would have reached St. Louis on the 26th day of June, 1877, but that in consequence of defendant's said failure the cattle did not reach St. Louis till the evening of the 27th day of June; that on the 26th day of June plaintiff's cattle were worth in St. Louis six and a half cents per pound gross, and were only worth on the evening of the 27th five and a half cents per pound; that by reason of defendant's failure to furnish cars on the 25th day of June and ship as agreed, plaintiff had sustained that loss as well as loss for extra shrinkage of the cattle while detained at Lexington and extra expense incurred in caring for them, for all of which he asked judgment.

The defendant's answer is as follows: Defendant denies each and every allegation in said petition contained; and for other and further answer and defense herein defendant says, that any damages sustained by the plaintiff in this case were the result of his own negligence and careless acts and conduct and want of proper care and prudence, directly contributing to produce the same. And for other and further answer and defense herein defendant says, that by the rules, regulations and directions of the defendant, in force at the time the said contract to furnish cars to plaintiff was made, as he alleges, adopted, issued and published for the information and government of defendant's agents, and the shippers of live stock and other freights over defendant's railroad, and well known to this plaintiff and his agents, or which might by the exercise of ordinary care and prudence have been known, it was provided "That no agent of the company is authorized to agree to furnish cars for live stock, grain or other freight at any specified time, and will make requisition for cars in the order in which shippers have applied for them, and when received will distribute them in like manner." And defendant further avers that any alleged contract between the plaintiff herein, and any agent or agents of defendant to furnish him cars for the shipment of live stock at any particular place or any given or stated time, was in viola-

tion of such rules and regulations, and was null and void and in no manner binding upon the defendant. And for other and further answer and defense herein defendant says, that the cars were prevented from arriving at Lexington at the time plaintiff wished them to be there by an unavoidable accident and delay.

On the trial of the cause plaintiff obtained judgment for the sum of $2,760, from which defendant has appealed, 1. PLEADING: con- and among others assigns for error the action tributory negli- gence.                of the court in striking out, on plaintiff's motion, the following portion of the answer, viz: "And for other and further answer and defense herein, defendant says that any damages sustained by the plaintiff in this case were the result of his own negligent and careless acts and conduct and want of proper care and prudence, directly contributing to produce the same." Waiving the question as to whether the defense attempted to be set up was or not inconsistent with defendant's general denial, the action of the court in striking it out may well be sustained on the authority of the case of *Waldhier v. Hannibal & St. Joseph R. R. Co.*, 71 Mo. 516, where it was held " that a petition by an employe stating, without any specific facts, that plaintiff was injured in consequence of the negligence of a railroad company in using defective machinery and in running and managing its railroad and cars, would be fatally defective.' If necessary to state the particular facts constituting negligence before a railroad company can be made liable for the consequences of negligence, it follows necessarily that when such company seeks exemption from liability to the party complaining, on the ground that the injury complained of was occasioned by the negligence of the other party, it should also set up the facts constituting such negligence.

The action of the court in striking out of defendant's answer the following words, " or which might by the exer-2. ——: principal cise of ordinary care and prudence have been and agent: con- tracts.              known," is also assigned for error. As will

24 74

be seen from the answer it avers "that the station agent had no authority to make the contract sued upon, and that plaintiff knew the fact, or might by the exercise of ordinary care and prudence have known it." It may, we think, be safely affirmed that a station agent clothed with the power, and whose duty it is to receive and forward freight, who makes a contract within the scope of his apparent authority, thereby binds the company he represents, although in making such contract he may have exceeded his authority; and when such company seeks to absolve itself from liability arising under such contract on the ground that the agent although apparently authorized to make it, in fact had no such authority, it must show that the party with whom the contract was made had knowledge of the fact that the agent was acting beyond his authority. This principle is sanctioned by the following authorities: 2 Redfield on Rail., p. 113; Story on Agen., §§ 127, 443; *Pruitt v. H. & St. Jo. R. R. Co.*, 62 Mo. 540; *Northrup v. Ins. Co.*, 47 Mo. 439; *Deming v. Railroad Co.*, 48 N. H. 455; 2 Am. Rep. 267; *Wilson v. Railway*, 18 Eng. Law & Eq. 557, 559; *Baltimore & Ohio R. R. Co. v. Brady*, 32 Md. 333; *Kerr v. Willan*, 2 Starkie 53. In the last case cited it was expressly held that where a carrier sought to charge plaintiff with knowledge of a notice painted on a board and hung up in the carrier's office, limiting the carrier's liability, it was not sufficient to show that such notice was put up, and that plaintiff's agent, who could read, saw the notice and might have read it but in fact did not read it, Lord Ellenborough observing: "If the person who carried the goods to the office in this case had read the notice, the plaintiff would have been bound by it; but he did not read it, and consequently the plaintiff was not bound by the limitations it contained."

The action of the court in striking out the following words in defendant's answer is also assigned for error, viz:

3. CONTRACTS: railroads.

" That the cars were prevented from arriving at Lexington at the time plaintiff wished

them by an unavoidable accident and delay." The contract sued upon by plaintiff was an unconditional agreement on defendant's part to furnish cars on a day certain for the purpose of shipping on that day 194 head of cattle. Where a party by contract agrees to do a prescribed thing in a prescribed time, he is liable for non-performance of the contract, notwithstanding the fact that his non-fulfillment of the contract was occasioned by inevitable and unavoidable accident. This is an ancient rule of the law and was thus laid down more than two hundred years ago in the case of *Paradine v. Jane*, Aleyn p. 26, (8 T. R. 267,) where plaintiff had sued defendant upon a lease for years rendering rent at the four usual feasts, and for rent behind and due for three years. The defendant pleaded that Rupert, a certain German prince, an alien born, an enemy of the King and kingdom, had invaded the realm with an hostile army of men, and with the same did enter upon defendant's possession and expelled him therefrom for three years, so that he could not take the profits of the same. This plea, on demurrer, was held insufficient, it being observed, "that when a party by his own contract creates a duty or charge upon himself, he is bound to make it good, notwithstanding any accident by inevitable necessity, because he might have provided against it by his contract." The rule is stated thus by Hutchinson on Carriers, section 317: "If the carrier has agreed to carry the goods to their destination and then deliver them within a prescribed time, he will be held to a strict performance of his contract, and no temporary obstruction or even absolute impossibility will be a defense for failure to comply with the engagement; for when a party by his own contract creates a duty which he engages to perform, he is bound to make it good, notwithstanding an accident or delay by inevitable necessity, because he might have provided against it by his contract; and this rule applies not only to the engagements of carriers but to the contracts of all persons."

Mr. Angell on Carriers, in section 294, in speaking of

contracts express as to a time prescribed in which a thing is to be done, says: "But the principle of law in respect to the obligation of a carrier to deliver goods in a reasonable time, depending upon circumstances, though they apply, as in the foregoing cases, to implied contracts, will not apply to an express contract to deliver in a prescribed time. In the latter case no temporary obstruction or even the absolute impossibility of complying with the engagement, will be a defense to an action for failure in performing the contract." The same principle is enunciated in the following cases: *Place v. Union Express Co.,* 2 Hilt. 19, 33; *Atkinson v. Ritchie,* 10 East 530; *Deming v. R. R. Co.,* 48 N. H. 455; *Spence v. Chadwick,* 10 Q. B. 517; s. c., 11 Jurist (part 1) p. 872; *Hadley v. Clarke,* 8 T. R. 259; *Parmalee v. Wilks,* 22 Barb. 539; *Harmony v. Bingham,* 2 Kernan (N. Y.) 99. In the last case cited it was held that, where a party had agreed to transport goods from New York to Independence, Missouri, within twenty-six days, and failed to accomplish it in that time, "the fact that a public canal on which the goods were intended to be transported a part of the distance was rendered impassable by an unusual freshet, and that this occasioned the detention, was not a legal excuse therefor." The case was tried by the trial court in strict conformity to the above theory of the case, and the court, in the reception and rejection of evidence, and in giving and refusing instructions, gave application to the above principles, and we deem it unnecessary to say anything more of the seven instructions given for plaintiff and the sixteen asked by defendant, and refused, than that those which were given were in strict harmony with the principles herein announced as sustaining the action of the trial court in striking out the various parts of defendant's answer already adverted to, and that those which were refused asserted principles antagonistic to them. A more particular reference to these instructions, except such as are hereinafter adverted to, would only involve a repetition of what has already been

said in regard to the propriety of the action of the court in sustaining the motion of plaintiff to strike out various parts of defendant's answer.

During the trial, defendant offered in evidence the written contracts entered into on the evening of the 26th day of June in reference to the shipment of plaintiff's cattle, and asked the court to give certain instructions telling the jury that the verbal contract for furnishing cars on the 25th day of June was merged in said written contracts and that plaintiff was not entitled to recover. These instructions, we think, were properly refused, on the ground that the breach of the verbal contract occasioning the damages for which plaintiff sues had occurred before said written contracts were entered into, and there is nothing in said contracts which amounts to a release of defendant from liability arising from such breach, nor is there anything in them indicating that such was the intention, or that plaintiff waived any right which had already accrued. The contracts related entirely to the future and not to the past. In the case of *Cleveland, etc., R. R. Co. v. Perkins,* 17 Mich. 296, where cattle had been delivered to the company for immediate shipment, and where a written contract was entered into two days afterward for their shipment, in an action for damages for unreasonable delay it was held, Cooley, C. J., delivering the opinion, " that the written contract would be the measure of the obligation of the parties from the time it was given, but that it would not merge any liability the company might have incurred by unreasonable delay previously, there being nothing in the contract to indicate such an intention."

The instructions might, inasmuch as these contracts were not set up in defendant's answer, also have been refused on the authority of the case of *Northrup v. Mississippi Valley Ins. Co.,* 47 Mo. 435, where it was held " that defendant, by merely answering the allegations in plaintiff's petition, can try only such

questions of fact as are necessary to sustain the plaintiff's case. If he intends to rely upon new matter which goes to avoid or defeat the plaintiff's action, he must set forth in clear and precise terms each substantive fact intended to be relied on."

Our attention has been called to other matters of exception, which, though not overlooked, have not been more particularly referred to herein inasmuch as they in no way affect the merits of the case. The instructions given presented the matters in issue fairly to the jury, and the judgment will be affirmed, with the concurrence of the other judges, except RAY, J., who did not sit, he having been of counsel in a cause submitted with this case involving similar questions.