| 19 | 315 |
| 40 | 206 |

CHARLES HOSKINS, Respondent, v. THE MISSOURI PA-
CIFIC RAILWAY COMPANY, Appellant.

### Kansas City Court of Appeals, November 9, 1885.

1 EVIDENCE—ACCOUNT OF SALES—ADMISSIBILITY OF.—Account of sales, sent to a shipper by his commission merchants is not admissible in evidence to show the value of the stock in the market, or of their weight. It is clearly hearsay evidence. *O'Neal v. Crain*, 67 Mo. 251; *Fogue v. Burgess*, 71 Mo. 389.

2. —— PRICE CURRENT—ADMISSIBILITY OF.—Nor is a price-current

furnished a shipper by his commission merchants, giving their view of the state of the market admissible to show the prices at that date. There must be, at least, satisfactory evidence that it contains a correct statement of the prices by all who knew the fact, in order to admit it in evidence. "It is only secondary and not the best evidence of the material fact to be proved, the actual price or value of the article at that date." *Gibson v. Ebert*, 52 Mo. 264.

**8.** —— Contract—When a Prior Verbal One not Merged in a Subsequent Written One.—Where a railroad company is sued for the breach of a verbal agreement to receive and ship freight on a certain day, a subsequent written contract between the same parties, for the transportation of the same freight, which does not contain any release of defendant's liability already incurred, or waive any right of plaintiff already accrued, is not admissible in evidence to show a *merger* of the prior verbal agreement, nor is it admissible to avoid or defeat plaintiff's action, unless it be set up in the answer. Following *Harrison v. The Mo. Pac. Ry. Co.*, 74 Mo. 364.

Appeal from Henry Circuit Court, Hon. James B. Gantt, Judge.

*Reversed and remanded.*

The material facts are set forth in the opinion of the court.

Adams & Bowles, for the appellant.

I.   The court erred in admitting the account of sales from his commission men, of the cattle shipped. It was no legal proof of the value of the stock at St. Louis, or of their weight. The court erred, also, in admitting the report of Campbell, Lancaster & Co., as to sales of the stock. It is not a general market report, but only a private communication or circular letter, from one commission house. *R. R. Co. v. Johnson*, 42 Ala. 242; 1 Greenl. Evid., sect. 124; *Fougue v. Burgess*, 71 Mo. 389; *Woods v. Hicks*, 36 Mo. 326; *Chouteau v. Searcy*, 8 Mo. 375; *Cable v. McDaniel*, 33 Mo. 363; *Langdorf v. Field*, 36 Mo. 440.

II.   The court erred in rejecting the contract of shipment offered in evidence by defendant. It was the con-

tract of the parties, and it is immaterial, no *fraud* being shown, that the plaintiff did not read or understand it. *Ry. Co. v. Cleary,* 77 Mo. 634, and cases cited.

M. A. FYKE, for the respondent.

I. This action was brought to recover damages occasioned by reason of the failure of defendant to provide cars for the shipment of plaintiff's stock at the time defendant agreed to furnish said cars.

II. The case is exactly like the case of *Harrison v. The Mo. Pac. Ry. Co.* (74 Mo. 364), upon which case plaintiff relies for an affirmance of the judgment.

III. The market reports read in evidence were properly admitted, *Thursteen v. Champayne,* 3 Wallace (U. S.) 149 ; 1 Greenl. Evid., sect. 126.

HALL, J.—This is an action begun before a justice of the peace, upon a verbal contract, for the failure of defendant to deliver cars for the transportation of stock on the day agreed upon in the contract. The statement in this case is, in all essential respects, the same as the petition in the case of *Harrison v. The Mo. Pacific Railway Co.* (74 Mo. 364).

Judgment by default was rendered against the defendant. The defendant appealed to the circuit court.

During the trial the plaintiff in testifying said, among other things : "My commission men gave an account of sales, which shows the weights of my stock." Against the defendant's objections the court permitted the plaintiff to introduce in evidence the said account of sales, which is as follows :

"Sales by CAMPBELL, LANCASTER & CO.

"*Sold for account of C. N. Hoskins:*

| Date. | Cattle. | Hogs. | Weight. | Dock. | Price. | Amount. |
|---|---|---|---|---|---|---|
| January 26, | 39 | .. | 47,580 | .. | $4 90 | $2,331 42 |
| " 26, | .. | 25 | 4,930 | 20 | 6 20 | 304 42 |
| " 26, | .. | 35 | 10,210 | 80 | 6 30 | 638 19 |

Total................................................$3,274.03

CHARGES.

Freight and back charges........ $144 00
Yardage........................ 13 30
Hay............................  6 00
Corn ..........................  2 00
Commission ....................  24 50
Net proceeds.................... 3,084 23    $3,274 03."

For plaintiff Z. B. Moore testified : "I am agent at Clinton, Missouri, for the firm of Campbell, Lancaster & Company, live stock commission merchants at East St. Louis, and they forward me reports of the market each day. They forwarded me the following report of the market for January 26, 1883 : "

Which report the court, against defendant's objection, permitted the plaintiff to introduce in evidence. Sufficient of the report is here copied to indicate its character :

"Campbell, Lancaster & Co.,

"LIVE STOCK COMMISSION MERCHANTS.

"National Stock Yards, Ill, }
"Friday, Jan. 26, 1883, 3 p. m. }

"Receipts past 24 hours, 1,250 cattle ; 3,150 hogs ; 1,520 sheep.

"Cattle, heavy shipping steers are slow and from 10c. to 15c. lower than yesterday. Medium weight steers are about 10c. lower and slower, but light shipping steers are fairly active, and only a shade lower. Coarse, uneven cattle are irregular and dull. Butchers' cattle ruled

fairly active and steady.    There is a good inquiry for fresh milch cows.

"FOLLOWING ARE REPRESENTIVE SALES TO-DAY:

| | | | | | |
|---|---|---|---|---|---|
| 13 Mixed Butchers.... | 873, $4 00 | | 17 Native Steers...... | 1365, $4 45 |
| 16 Native Butchers.... | 944, 4 25 | | 15 Native Steers....... | 1028, 4 60 |
| 12 Native Cows........ | 838, 3 75 | | 14 Native Bulls........ | 1403, 3 65 |
| 10 Southwest Steers... | 940, 4 00 | | 14 Native Steers....... | 1192, 4 80 |
| 37 Native Butchers.... | 1043, 4 35 | | 13 Native Steers....... | 1432, 5 30 |
| 18 Native Steers....... | 1131, 4 80 | | 24 Native Steers....... | 1377, 5 50 |
| 17 Native Steers........ | 994, 4 60 | | 17 Native Steers....... | 1277, 5 10 |
| 17 Native Steers........ | 1238, 4 70 | | 29 Native Steers....... | 1152, 4 55 |
| 14 Native Cows........ | 972, 3 37 | | 34 Native Steers....... | 1360, 5 50 |
| 27 Native Steers....... | 1376, 5 05 | | 21 Native Steers....... | 1049, 4 75 |
| 32 Native Steers....... | 1179, 4 96 | | 57 Native Steers....... | 1008, 4 75 |
| 39 Native Steers....... | 1220, 4 90 | | 19 Native Steers....... | 1171, 4 70 |

The defendant offered in evidence the written contract for the shipment of the stock, afterwards made by it with the plaintiff; upon objection by plaintiff the court refused to permit defendant to introduce the contract in evidence.

From a judgment in favor of plaintiff the defendant has appealed to this court. In this court defendant complains of the rulings made by the court below, as to the admissibility of the testimony mentioned.

## I.

We are unable to see any ground on which it can be maintained that the "account of sales," sent to plaintiff by his commission men is admissible testimony. It was clearly hearsay testimony and inadmissible. The fact that the "account" was in writing did not change its character. Had it been made verbally to the plaintiff it would have been hearsay; and the plaintiff could not have repeated it to the jury. *O' Neil v. Crain*, 67 Mo. 251; *Fogue v. Burgess*, 71 Mo. 389; *Cable v. McDaniel*, 33 Mo. 363; *Wood v. Hicks*, 36 Mo. 327; *Langsdorf et al. v. Field et al.*, 36 Mo. 441. Had the facts, stated in the "account," been stated in the form of a receipt given to plaintiff by his commission men, the receipt would have

been hearsay and inadmissible. *State v. Sutton*, 64 Mo. 111. There is nothing in the record to show the account admissible as a memorandum or original entry.

## II.

The report sent by Campbell, Lancaster & Company to their agent, Moore, was also inadmissible.

In *Gibson et al. v. Ebert et al.* (52 Mo. 264), from the statement of the case it appears that "the plaintiffs also introduced the deposition of one Chism, by which the price of bagging was proved in July, 1870, and with which deposition there was an exhibit filed, proved by said deposition to be a price-current issued at New Orleans at said time. This price-current was rejected as evidence by the court, as being irrelevant, and incompetent, and the plaintiff excepted." In treating of this question, Judge Vories, who delivered the opinion of the court, on page 270, says: "The price-current at New Orleans, offered in evidence by the plaintiffs, was, also, properly excluded by the court. There, at least, should have been satisfactory evidence that it contained a correct statement of the prices by all who knew the fact in order to admit it in evidence. The price-current was only secondary and not the best evidence of the material fact to be proved, which was the actual price or value of bagging on the fifteenth day of July, 1870 * * *." This case being in point, we are bound by it.

## III.

This case, not only as to the petition or statement, but as to the facts, is substantially the same as the case of *Harrison v. R. R. Co.*, *supra*. For the reasons given in the opinion in that case the trial court in this case properly refused to permit the defendant to read the contract in evidence.

The judgment is reversed and the cause is remanded. All concur.