CLEMENS HESS, Respondent, v. MISSOURI PACIFIC RAILWAY COMPANY, Appellant.

Kansas City Court of Appeals, March 31, 1890.

1. **Carriers:** NOTICE OF DAMAGE: WAIVER. A contract of shipment required that the plaintiff, in case of damage in transportation, would, in twenty-four hours after arriving at the point of destination, give notice thereof in writing verified by affidavit to some general officer of the defendant, etc. The plaintiff within such time handed an unverified letter containing an account of his loss to defendant's general freight agent, who received the same, made no objection thereto, either as to form or substance, and promised to look up and adjust the claims. *Held*, this was sufficient notice and a waiver of the requirement that it should be sworn to.

2.  **Evidence:** REPORT OF SALE: HEARSAY. An account of sales rendered by plaintiff's commission merchant, containing the prices obtained and the weight of cattle sold, is hearsay and incompetent evidence.

*Appeal from the Pettis Circuit Court.*—HON. RICHARD FIELD, Judge.

REVERSED AND REMANDED.

*Wm. S. Shirk,* for the appellant.

(1) The court erred in admitting in evidence the letter from Mulhall & Co., dated January 19, 1885, directed to the Missouri Pacific Railway Company. *First.* It was in no sense of the term a notice of his claim for damages for injury to the stock, as required by the terms of the sixth clause of the contract under which they were shipped. Nor is it sworn to. *Second.* Said letter is full of mere hearsay statements, and statements of facts about which said Mulhall & Co. had no personal knowledge—these statements were not made under judicial sanction, nor even under the sanction of an oath. Mulhall was a competent witness, and should have been produced. His unsworn statements, as to material facts, were not evidence. (2) And it was error to admit in evidence the account of sales for the same reasons. The account amounts to nothing but the unsworn declarations of Mulhall & Co., as to prices, weights and expenses. These declarations were as to material matters, as to which Mulhall & Co. were competent witnesses. Nor does the fact that Hess swears that the cattle were sold for the prices, and at the weights indicated on the account of sales, make it admissible. Hess' evidence may tend to establish the correctness of Mulhall's figures, but it does not take from the account its character of unsworn declarations, nor render it admissible in evidence. *Hoskins v. Railroad,* 19 Mo. App. 315, on 318.

*G. W. Barnett* and *Louis Hoffman*, for the respondent.

(1) (*a*) The Mulhall letter and account of sales, being attached, constituted one instrument, and they together being the notice, that respondent gave appellant as required under the contract, were clearly admissible in evidence for the purpose to show that respondent did give notice and what the notice consisted of, and they were offered for that purpose only. (*b*) The fact that the notice was not sworn to and all other defects and irregularities in the notice were clearly waived by appellant, by the words and conduct of appellant's general freight agent in St. Louis when he made no objections to the form of the notice and by stating to respondent Hess that "he would see it attended to and would see that I was paid for the loss." Also that "they made a copy of the notice and made no objection because the notice was not sworn to." *Rice v. Railroad*, 63 Mo. 314; *Oxley v. Railroad*, 65 Mo. 629; 55 Mo. 181; 73 Mo. 371; *Dobbins v. Edmonds*, 18 Mo. App. 307; *Gale v. Ins. Co.*, 33 Mo. App. 664; *Travis v. Ins. Co.*, 32 Mo. App. 198; 87 Mo. 62. (*c*) The objection that the notice was' not signed by Hess is not well taken, for the reason that the evidence is uncontradicted that Mulhall was agent for Hess, and that Hess and Mulhall went together to the freight agent. Moreover, this objection comes too late at the trial; it should have been made at the time the notice was presented. *Breckenridge v. Ins. Co.*, 87 Mo. 62; *Parks v. Ins. Co.*, 26 Mo. App. 511; 55 Mo. 181; 73 Mo. 371. (2) (*a*) All hearsay evidence touching the market value was excluded by the court. (*b*) Hess was a competent witness to testify touching the market value for the reason, as the evidence shows, he had acquainted himself concerning the market values by inquiring

among commission merchants, examining the news-paper market reports, the price currents, and examining the market in St. Louis. Abbott's Trial Evidence, pp. 309 to 311, secs. 22 and 23; *Whitney v. Thacher*, 117 Mass. 527; *Sisson v. Railroad*, 14 Mich. 489; *Railroad v. Perkins*, 17 Mich. 296; *Lush v. Druse*, 4 Wendell, 313; *Cliquot v. U. S.*, 70 U. S. [3 Wall.] 117; *Fenerstein v. U. S.*, 70 U. S. [3 Wall.] 121.

GILL, J.—Plaintiff had judgment against the defendant in the circuit court for the sum of nine hundred dollars, as damages for delay in transporting some seventy-three head of cattle from Lincoln, Missouri, to St. Louis, Missouri. Plaintiff claims that the defendant received said cattle on January 14, 1885, and agreed to carry and deliver the same at St. Louis on the morning of the fifteenth of January; but that said cattle were not delivered at St. Louis till the evening of the seventeenth, and, on account of such delay, the cattle lost much in weight, and, besides, they were cast upon a much lower market than if carried through as agreed.

I. In addition to a general denial, the answer sets out the terms of a written, or printed, contract of shipment, made and signed by the plaintiff, the portion thereof relied on in defense being that, in case of damage in transportation, etc., that the plaintiff would, within twenty-four hours after arriving at the point of destination, give notice thereof in writing, verified by affidavit, to some general officer of the defendant, or its nearest station agent. And defendant alleges that no such notice was given.

At the trial of the cause, the plaintiff identified a letter as written and signed by Mulhall & Co. at St. Louis, and directed to the defendant. Without comment here on the contents of this letter, we think it, in matter of substance, sufficient notice of plaintiff's claim for damages. It appears to have been written

by Mulhall & Co. (plaintiff's commission agents) at plaintiff's request; that Mulhall and plaintiff, within the twenty-four hours, took said letter and delivered the same to the general freight agent at St. Louis, who received the same, made no objection thereto, either as to form or substance, and promised plaintiff in due time to look up the matter and adjust the claim. This was a waiver of the requirement that the notice should be sworn to. *Rice v. Railroad*, 63 Mo. 315; *Gale v. Ins. Co.*, 33 Mo. App. 664; *Breckenridge v. Ins. Co.*, 87 Mo. 63. We give it as our opinion, then, that the notice, being at the time satisfactory (at least not objected to), it is too late at the trial to raise such objections thereto as here insisted on.

II. The next point, however, as contained in brief of defendant's counsel, is well taken, and must result in a reversal of the judgment herein. The plaintiff offered, and the court admitted, over defendant's objection, the account of sales rendered to plaintiff by Mulhall & Co., commission men at St. Louis. This action of the court was clearly erroneous. It was the most obvious *hearsay*. It amounted to nothing more than a report, in writing, from plaintiff's agents, Mulhall & Co., to the effect that they sold the damaged cattle on the St. Louis market at the prices there named; that said cattle weighed as there stated, etc. Such a paper was incompetent as proof of such facts, and should have been rejected. Nothing short of the deposition, or evidence in open court, of some one connected with said business could be admitted to prove the matters contained in this statement of account. *Hoskins v. Railroad*, 19 Mo. App. 315. This error concerned, too, a vital question in this case, and is such as cannot be passed over as immaterial.

The result follows, that the judgment of the Pettis circuit court must be reversed, and the cause remanded for a new trial. It is so ordered. All concur.