# Baltimore & Ohio Southwestern Railroad Company v. A. J. Tison.

1. CATTLE CARS—*who authorized to furnish.* A railway station agent authorized to receive and forward freight has implied authority to contract to furnish a certain number of cattle cars at his station on a specified day, the shipper being ignorant of any limitation upon his authority.

2. CATTLE CARS—*when railroad company liable for failure to furnish.* Where an agent of the carrier has agreed to furnish cattle cars upon a specified day, and the shipper relying upon such agreement caused his cattle to be delivered to him upon that day, and suffers loss by reason of the failure of the carrier to observe such agreement, he is entitled to recover the amount of such loss from such carrier.

Action commenced before justice of the peace. Appeal from the Circuit Court of White County; the Hon. PRINCE A. PEARCE, Judge, presiding. Heard in this court at the February term, 1904. Affirmed. Opinion filed September 9, 1904,

Kramer, Kramer & Shaeffer, for appellant; Edward Barton, of counsel.

W. S. Summers and W. F. Scott, for appellee.

Mr. Justice Higbee delivered the opinion of the court.

Appellee, who was a stock shipper, brought suit against appellant, before a justice of the peace in White county, for $150, and obtained a judgment in his favor for the amount of the demand and costs. From this judgment an appeal was taken to the Circuit Court, where on motion of appellant, appellee filed a bill of particulars, showing that his claim was for certain hogs, alleged to have been lost by appellant in three several shipments made over its railroad by appellee, of the value in all of $97.24; also for loss occasioned by failure on the part of appellant to furnish appellee a car for stock "as per agreement," December 6, 1902, $28.65, and "same" December 20, 1902, $80.50—the total amount claimed in the bill of particulars being $206.39. There was a verdict in favor of appellee for $175, for which amount the court gave judgment. In this court, to which the case comes by appeal, appellee has entered a remittitur of $25.

Appellant claims that the verdict was not sustained by the evidence, that the court admitted improper evidence on the part of appellee and that improper instructions were given for appellee by the court. The record contains ample evidence to prove the loss of the hogs as claimed by appellee. Some evidence was admitted by the court on behalf of appellee, which was not strictly competent, but as appellee and others swore to the number of hogs loaded into the cars at the points of shipment in the state, and an agent of the Cincinnati Union Stock Yards, where the stock was unloaded, testified as to the number taken off the cars at that point, showing a loss of the number of hogs claimed by appellee in his bill of particulars, and as this evidence was not controverted in any way, the jury was fully warranted in finding for appellee upon that portion of his claim.

In regard to the claim for loss to appellee by reason of appellant's failure to furnish him cars December 6, 1902, "as per agreement," it appears from the testimony of appellee himself, there was no agreement to furnish him cars at that time. It does appear from the evidence, however, that appellee on December 4, 1902, ordered a car for Saturday, the 6th; that the agent of appellant at Norris City, Illinois, where the car was desired, forwarded the order to proper officers of the company, but that appellant was unable to furnish the car until the following Monday, when the cattle were shipped; that appellee had to keep the cattle in the stock pens. at Norris City, from Saturday, December 6, until the following Monday. As this item of the account is based upon a contract to furnish the car at the time named, and as there is no evidence whatever tending to show there was any such contract, there was no liability on the part of appellant for the same.

As to the claim of appellee for damages on account of the failure to furnish him a car on December 20, according to agreement, it appeared from his testimony that he ordered a double-deck car on December 16, but on that date the ground was frozen so that the parties who were to deliver hogs to him could not do so, but telephoned they would bring them on the next Saturday; that he went to appellant's agent at Omaha, Illinois, where the hogs were to be delivered, and asked him if he could furnish that car on Saturday; that the agent said yes, he could furnish it, or another as good; that appellee made arrangements to load the hogs on Saturday and they were delivered to. him on that day, but there was no double-deck car to ship them in, and that he had to hold them from Saturday morning until Monday, when he shipped them; that there were 143 hogs in all and that the damages to him occasioned by the delay amounted to $80.50.

Appellee's brother, who helped buy the stock and was interested in it, also testified as to the promise of the agent to furnish that car or one as good on Saturday. Appellant's agent at Omaha testified that appellee ordered a car for De-

cember 16, which was furnished him but was not loaded by him; that on that day he ordered a car for Saturday, December 20, and that he placed the order in the usual way with the train dispatcher, Mr. Wood, at Flora. He denied positively that he promised to secure a car for appellee on any certain date. Wood testified that he was chief dispatcher of the Springfield district of appellant, located at Flora; that it was his duty to distribute empty cars on orders; that he was not able to furnish a car according to appellee's order; that he did everything he knew of to fill the order for the car, but that he was unable to do so. Appellant's supervisor of records also testified there were no available cars on or about December 20, on the Springfield division. If appellant's agent at Omaha undertook to furnish the car on December 20, appellant would be bound by the agreement. " A railway station agent authorized to receive and forward freight has implied authority to contract to furnish a certain number of cattle cars at his station on a specified day, the shipper being ignorant of any limitation upon his powers." Mechem on Agency, par. 396; Harrison v. Mo. Pacific Ry., 74 Mo. 364.

Whether appellant's agent agreed with appellee to furnish the car on Saturday, December 20, whether said car was furnished, whether appellee, relying upon the agreement, caused the hogs to be delivered to him on that day and suffered loss thereby, and, if so, the amount of said loss, were all questions of fact for the jury, and as the evidence upon the whole tended to sustain appellee's case, we are not at liberty to disturb their verdict.

While there are some minor errors in the instructions, they are not of sufficient materiality to warrant a reversal of the judgment in this case.

As the competent proof in the case shows that appellee is entitled to recover as much as $150, the judgment of the Circuit Court will be affirmed for that amount, but appellee will be required to pay the costs of this court.

*Affirmed.*