JOHN HOOVER, Respondent, v. ST. LOUIS & SAN FRANCISCO RAILROAD COMPANY, Appellant.

Kansas City Court of Appeals, June 26, 1905.

COMMON CARRIERS: Verbal Contract: Written Contract: Action. If damages accrue upon a verbal contract and there is no waiver or disclaimer in the subsequent writing an action may be maintained on the verbal agreement; but if the written agreement waives the previous loss, thereby evincing an intention to cover the whole shipment in the writing, no action can be maintained for such loss under the verbal contract.

Appeal from Jackson Circuit Court.—*Hon. James Gibson,* Judge.

REVERSED.

*L. F. Parker* and *Jno. H. Lucas* for appellant.

(1) "From plaintiff's own testimony, it thereby appeared that they expected to sign and contemplated signing the written contract alleged by defendant at the time they delivered the cattle; hence, as a matter of law, the written contract governed." Railway v. Byers, 73 S. W. 428; Railway v. Gallagher, 70 S. W. 97; McClurg v. Whitney, 82 Mo. App. 630-1; Tuggles v. Callison, 143 Mo. 536; Gann v. Railroad, 65 Mo. App. 670. (2) The demurrer ought to have been sustained for the evidence of the plaintiff shows that he had waived all claim, and barred all rights, if any he had against defendant, either on a verbal or written contract. Baggs v. Laundry Co., 171 Mo. 282; Leonard v. Railway, 54 Mo. App. 300; Helm v. Railway, 98 Mo. App. 423-4.

*Bremermann & Heidelberger* and *L. W. Byram* for respondent.

(1) Station agent had power to make valid contract: Miller v. Railroad, 62 Mo. App. 252; Nelson v. Railroad, 66 Mo. App. 388; Gaun v. Railroad, 72 Mo.

App. 34; Minter v. Railroad, 82 Mo. App. 130; Baker v. Railroad, 91 Mo. 152. (2) A common carrier is not permitted to contract against its own negligence. Ins. Co. v. Railroad, 74 Mo. App. 89, and cases cited; Vaughan v. Railroad, 62 Mo. App. 461. (3) Where an oral contract for shipment by a common carrier is broken and as a result damage accrues, the carrier is liable although there is afterward a written contract as to the same subject-matter. McCullough v. Railway, 34 Mo. App. 23; Ward v. Railroad, 158 Mo. 226; Harrison v. Railroad, 74 Mo. 373. (4) Where carrier claims that it has obtained release from liability by a subsequent written contract with shipper by giving a lower rate of freight, it must be shown on the trial that that was done, and the contract alone is not sufficient to show that fact. McFadden v. Railway, 92 Mo. 343; Bowing v. Railroad, 77 Mo. App. 250.

ELLISON, J.—Plaintiff was a stock shipper over defendant's road to the market at Kansas City. He engaged cars of defendant and placed his cattle therein, and they were to be taken out on defendant's first train for Kansas City on the morning of the 11th of December so as to arrive in that city in time for the early market of that day. Defendant failed to take them on the first train, as its agent verbally agreed with plaintiff that it would; but did take them on a second train, which arrived too late for the best of the market, whereby plaintiff was damaged, etc. The judgment in the trial was for the plaintiff.

It appears that it was contemplated by the parties that there would be a written contract of shipment and that while plaintiff was on his way with the cattle the conductor of the train, as he had frequently done on other shipments, presented a written contract of shipment which plaintiff duly signed. That contract contained the following provision:

113 app—44

"For the consideration aforesaid the shipper agrees to, waive and release and does hereby release the company from any and all liability for or on account of delay in shipping said stock after the delivery thereof to its agent, and from any delay in receiving the same after tender of delivery, and for breach of any alleged contract to furnish cars at any particular time, and the shipper hereby releases and does waive and bar any and all causes of action for any damage whatsoever, that has accrued to the shipper, by any written or verbal contract prior to the execution hereof concerning said stock or any of them."

After an examination of the authorities presented by the respective counsel, we understand the law, where there is a verbal contract and a subsequent written contract, to be this: If damages have accrued under a verbal contract and there is no waiver or disclaimer of such breach in the subsequent writing, an action may be maintained on the verbal agreement, notwithstanding there was a subsequent writing. But if the subsequent agreement contains among its stipulations that any breach of the verbal contract relating to the shipments is waived, thereby evincing an intention on the part of the contracting parties to regard the writing as covering the whole shipment and determining their rights arising by reason of such shipment, no action can be maintained on the verbal agreement. [Harrison v. Railway, 74 Mo. 364; Railway v. Cleary, 77 Mo. 634; Miller v. Railway, 62 Mo. App. 252, 259.]

It should be remarked that there was no evidence of any degree of compulsion on plaintiff's part in signing the contract, nor that he in the least protested. On the contrary, it is admitted by him that he had formerly signed such contracts in the same manner when handed by the conductor while on the way, and that he expected to enter into a written contract when he began considering the present shipment. That he expected it would be presented to him by the conductor, as it was done.

We think the plaintiff shows that he has not a case on the facts and the judgment will be reversed. All concur.