## John Grimes, Appellee, v. Lake Erie & Western Railway Company, Appellant.

1. COMMON CARRIERS—*what not defense to action for failure to furnish car as agreed.* In an action against a common carrier for failure to furnish a car for the shipment of freight, at the time agreed, it is no defense to show the exercise of due diligence in the effort to furnish such car.

2. COMMON CARRIERS—*who authorized to bind, to furnish car.* Held, that the station agent in this case had apparent, if not implied, authority to bind the carrier to furnish a car at a specified time and place.

Assumpsit. Appeal from the Circuit Court of McLean county; the Hon. COLOSTIN D. MYERS, Judge, presiding. Heard in this court at the November term, 1907. Affirmed. Opinion filed April 21, 1908.

JOHN E. POLLOCK and JOHN B. COCKRUM, for appellant.

WELTY, STERLING & WHITMORE, for appellee.

MR. PRESIDING JUSTICE BAUME delivered the opinion of the court.

On February 19, 1906, appellee applied to the station agent of appellant at Padua, Illinois, for a car in which to ship a load of fat cattle to Chicago upon the following day, and said station agent agreed to have such car at the station by 11 o'clock on February 20, so that the cattle could be transported to Chicago by the freight train scheduled to leave Padua at that time. Appellee drove his cattle to the stock yards at Padua in time for shipment as agreed, but owing to the failure of appellant to furnish a car until four o'clock in the afternoon of the following day, the cattle were not shipped until then, and by reason of having remained in the station stock yards they became stale and shrunken, and did not arrive in Chicago until the morning of February 22, when the market was not as favorable to appellee

as it had been on the day previous. For the loss occasioned to him by reason of the failure of appellant to furnish a car as agreed, appellee brought this suit and recovered a verdict and judgment against appellant for $125.

This is not a suit by a shipper to recover damages resulting from the failure of a common carrier to ship stock to its destination within a reasonable time after the same was received by such carrier, or for the failure of a common carrier to furnish a car within 'a reasonable time after application made therefor by a shipper, but is an action to recover damages resulting from the failure of a common carrier to furnish a car at the time and place unqualifiedly agreed upon.

In such case appellant cannot relieve itself from liability upon the ground that it exercised due diligence in its efforts to furnish a car at the time and place agreed upon. The agreement of the station agent of appellant, if binding upon it, was unqualified, and what was said in Deming v. G. T. Ry. Co., 48 N. H. 455, is applicable: "When the carrier contracts to carry goods within a prescribed time, no temporary obstruction, or even an absolute impossibility of complying with the engagement, will be a defense to an action for failing to perform his engagement, for when a party by his own contract creates a duty or charge upon himself, he is bound to make it good, notwithstanding any accident or delay by inevitable necessity, because he might have provided against it by his contract."

We have no doubt but that the station agent of appellant had apparent, if not implied authority, to contract with appellee to furnish a car at a specified time and place, and that appellant is bound by such contract. Wood v. C., M. & St. P. Ry. Co., 68 Iowa 491; Harrison v. M. P. R. R. Co., 74 Mo. 364.

There is no reversible error in the record and the judgment of the Circuit Court will be affirmed.

*Affirmed.*