## John J. Dallenbach et al., Appellees, v. Illinois Central Railroad Company, Appellant.

1. COMMON CARRIERS—*extent of obligation to furnish cars*. If the carrier makes an agreement to have freight cars ready at a particular time it is bound to perform such agreement notwithstanding accident or delay by inevitable necessity.

2. COMMON CARRIERS—*extent of obligations to furnish cars*. In the absence of an agreement to provide cars at a particular time a carrier is only obligated to exercise due diligence to furnish freight cars within a reasonable time after the same have been ordered.

Action commenced before justice of the peace. Appeal from the Circuit Court of Champaign county; the Hon. SOLON PHILBRICK, Judge, presiding. Heard in this court at the May term, 1911. Reversed and remanded. Opinion filed October 20, 1911. Rehearing denied November 8, 1911.

HENRY I. GREEN and H. LEONARD JONES, for appellant; JOHN G. DRENNAN, of counsel.

THOMAS J. SMITH and CHARLES R. IUNGERICH, for appellees.

MR. JUSTICE PUTERBAUGH delivered the opinion of the court.

This is an action by the plaintiffs, partners as Dallenbach Bros., against the defendant, for damages alleged to have been occasioned by the failure of the defendant to furnish cars for shipping sheep from Staley, Illinois, to Chicago. The suit was originally brought before a justice of the peace, and taken by appeal to the circuit court, where a judgment was rendered in favor of the plaintiff, for $100.

One Ludwig acted as agent for the defendant at Staley, and received and transmitted orders for cars and billed out freight. William Dallenbach, one of the

plaintiffs, testified that he, on December 7, 1909, by telephone to Ludwig, ordered two cars to be placed on the side-track, on the following day, and that Ludwig replied that he would let him know; that he went to Staley on the next day and learned from Ludwig that the cars ordered had not arrived. He then requested Ludwig to order an additional car to those already ordered, which order Ludwig immediately telephoned to the proper official. About three o'clock in the afternoon the plaintiffs drove their sheep which they desired to ship, into the pens at Staley. At about nine o'clock in the evening, no cars having arrived, the plaintiffs placed the sheep in shelter, where they were fed, and on the following morning, the cars having arrived, shipped them to Chicago.

There is no proof in the record that at the time the cars were ordered on December 7th, Ludwig specifically agreed to have the cars ready on the 8th. William Dallenbach, who made the shipping arrangement, does not so testify. Had such agreement existed, the defendant would have been bound to make it good, notwithstanding any accident or delay by inevitable necessity. Grimes v. Railway Co., 142 Ill. App. 532. The court properly instructed the jury that if the defendant exercised due diligence to furnish the cars within a reasonable time after the same were ordered, then the defendant was guilty of no negligence in failing to provide said cars within a reasonable time, and the plaintiffs would not be entitled to recover, but improperly refused to permit the defendant to establish such defense. On behalf of the plaintiffs, the jury was instructed, in substance, that if the defendant agreed to furnish sufficient cars to the plaintiffs in which to haul the sheep at a particular time, then the defendant would not be relieved of liability by furnishing cars within a reasonable time. The latter instructions were not based upon any evidence in the case, and were

manifestly inconsistent with the one given at the request of the defendant.

For the errors indicated the judgment of the circuit court must be reversed and the cause remanded.

*Reversed and remanded.*

MR. JUSTICE PHILBRICK took no part.