### BOWERS and Others *v.* BOUND and Others.

The complaint in this case sought to set aside an entry of satisfaction of a judgment. This was resisted on the ground that the note and mortgage upon which the judgment was rendered, were without consideration. *Held*, that the defense was not responsive to the complaint.

APPEAL from the *Putnam* Circuit Court.

PERKINS, J.—On the 5th of *February*, 1839, *Silas Bowers* executed his note to *Thomas Bound* for 500 dollars, payable on the first of *June* following, with 10 per cent. interest, value received. He also executed a mortgage on certain real estate, to secure the payment of the note.

Subsequently, *Bound* assigned the note and mortgage to one *Thomas N. White*.

In 1845, *Bound* died.

In 1846, *Bowers* confessed judgment on the note and mortgage, at the suit of *White*, assignee.

In 1851, *White* acknowledged satisfaction of the judgment.

The heirs of *Bound* now sue to set aside that entry of acknowledgment of satisfaction, on the ground that *White*

was the assignee of the note and mortgage simply as an agent for their collection, the beneficial interest being in them as the heirs of their father, the payee; and that the satisfaction was acknowledged by *White* without receiving any part of the consideration, and fraudulently.

May Term, 1860.

The Court set aside the entry of satisfaction. This was resisted by the defendants on the ground that the note and mortgage on which the judgment was rendered were without consideration, &c.

It strikes us that such a defense was not responsive to the case made by the complaint. That sought simply to set aside an entry of satisfaction by *White;* and as that entry was wrongly made, it was properly set aside. But that act of the Court did not affect the validity of the judgment as against *Bowers,* nor deprive his heirs of the right, if right they had, to proceed against *Bound,* or his administrators, or heirs, as might be proper in the circumstances which might exist, to set aside that judgment for any sufficient legal cause which could be made the ground of such a proceeding; or to compel an entry of satisfaction of it, by the proper parties.

This being the case, the judgment below must be affirmed.

*Per Curiam.*—The judgment is affirmed with costs.

*S. B. Gookins,* for the appellants.

*J. P. Usher,* for the appellees.