SCHONHOFF, Respondent, v. ST. LOUIS & SAN FRANCISCO RAILROAD COMPANY, Appellant.

**St. Louis Court of Appeals, February 23, 1909.**

COMMON CARRIERS: Notice of Loss: Bill of Lading. In an action by a shipper against a railroad company for damage to live stock shipped, where the bill of lading provided that notice of the damage or loss should be given before the stock was removed from the place of destination and one day after the arrival of the stock at destination, and where no notice was given until two or three weeks after their arrival at destination, the failure to give such notice was a good defense to an action for damage to the stock caused by the negligence of the carrier, there being evidence of a consideration for the stipulation.

Appeal from Stoddard Circuit Court.—*Hon. Jas. L. Fort,* Judge.

REVERSED AND REMANDED.

*W. F. Evans* and *Jas. Orchard* for appellant.

GOODE, J.—The first point involved in this case regarding the right of plaintiff to sue, is controlled by the decision given in Clubb v. Railroad, — Mo. App. —, on the like facts.

Another defense is failure of plaintiff to give notice of his claim for damages as required by the bill of lading; which made notice a condition precedent to recovery of damages due to delay, and prescribed it should be given in writing to the general officer or nearest station agent of the company, or agent at destination, before the stock was removed from the point of shipment, or at the place of destination before it was mingled with other stock, and one day after arrival of

135 App—45

the stock at destination; that the claim might be fully and fairly investigated; saying further, failure to comply should be a bar to recovery of any damages. No notice of the loss, which was occasioned by delay in transit, was given until two or three weeks after the arrival of the cattle at destination, nor was any excuse for failure to give notice, shown, nor anything tending to prove waiver by the company of compliance with the requirement. There was evidence of a consideration for the clause—a reduced rate of freight. [George v. Railway, 113 S. W. 1099.] Considering the lapse of the time before notice, either verbal or written, was given, plaintiff must be denied relief. [Rice v. Railroad, 63 Mo. 314.]

The judgment is reversed and the cause remanded. All concur.