W.  P. AULL, Respondent, v. THE MISSOURI PACIFIC RAILWAY COMPANY, Appellant.

Kansas City Court of Appeals, March 1, 1909.

1. COMMON CARRIERS: Pleading: General Denial: Special Plea: Consistency. A count against a common carrier charged refusal to furnish cars to ship his stock to a given market, thereby compelling shipment to another market. Answer was a general denial and special plea that the stock was shipped under contract requiring notice of loss which was not given. *Held*, traverses and answers in avoidance may be joined where not inconsistent and that the special plea did not necessarily contradict the general denial.

2. ——— : ——— : ——— : ——— : **Evidence: Responsiveness.** *Held,* further that the contract specially pleaded required notice only as to the damages during the shipment and was not responsive to the count which charged damages for failure to furnish cars.

3. ——— : ——— : **Special Plea: Notice: Demurrer.** Plaintiff's petition counted partly on damage occurring during shipment as also on other damages. The plea set up the notice provided in the contract which was not given. *Held,* the plea was partly good and partly bad and was a *pro tanto* defense and therefore not demurrable.

4. ——— : ——— : **Notice: Consideration.** *Held,* that the stipulation in a contract of affreightment requiring notice of loss as a prerequisite to a right of recovery is based upon a sufficient consideration and is not unreasonable.

Appeal from Lafayette Circuit Court.—*Hon. Samuel A. Davis,* Judge.

AFFIRMED.

*Martin L. Clardy* and *Scott & Bowker* for appellant.

(1) A stipulation contained in a contract of affreightment voluntarily entered into between the parties, requiring the shipper to give a written notice of loss as a condition precedent to the enforcement of a cause of action will be upheld by the courts without any consideration to support the same. Crow v. Railroad, 57 Mo. App. 135; Freeman and Hinsen v. Railroad, 118 Mo. App. 526. (2) Where such a contract of affreightment provides that notice should be served on some general officer, or to the nearest station agent of the first party, or to the agent at destination, or some general officer of the delivering line within one day after the delivery of the stock at destination, such a provision cannot as a matter of law be declared unreasonable or unlawful. Smith v. Railroad, 112 Mo. App. 610; Rice v. Railroad, 63 Mo. App. 314; Brown v. Railroad, 18 Mo. App. 568; Thompson v. Railroad, 22 Mo.

App. 321. (3) The common law says to parties entering into contracts: Don't promise what you cannot perform. A man is not obliged to undertake to do a dangerous or burdensome and unreasonable thing, but if he does do so he must carry out his agreement. Lawson on Contracts (1 Ed.), section 458, page 420; Nordyke & Marmon Co. v. Kehlor, 155 Mo. 654; Harrison v. Railroad, 74 Mo. 371.

*Alexander Graves* for respondent.

(1) The act of 1907 simply provides that "it shall be competent for the defendant to unite a general and special denial." This act does not aid appellant and is wholly irrelevant. (2) The general denial and the confession and avoidance in this case are inconsistent; and proof of one plea would disprove the other. Inspection will show this to be so. This point is decisive of the appeal. Price v. Mining Co., 83 Mo. App. 474; Adams v. Trigg, 37 Mo. 143; Darrett v. Donnelly, 38 Mo. 494; Bank v. Stone, 93 Mo. App. 294; Atterbury et al. v. Hendricks, 127 Mo. App. 52; Vette v. Evans, 111 Mo. App. 596; Cobb v. McDaniels, 33 Mo. 363. (3) The contract pleaded was without consideration and unreasonable and therefore void. Summers v. Railroad, 114 Mo. App. 459; Richardson v. Railroad, 62 Mo. App. 5. (4) Contract, even if valid, would only cover the extra shrinkage. Leonard v. Railroad, 54 Mo. App. 302; Klass Com. Co. v. Railroad, 80 Mo. App. 169.

BROADDUS, P. J.—The plaintiff's petition contains six different causes of action, separately stated, for the alleged delay of defendant as a common carrier in the shipment of cattle and hogs from Lafayette county, Missouri, to Kansas City and Chicago. A brief statement of the case made by the defendant is as follows:

"1. The first count of respondent's petition alleg-

ed that on the 16th day of March, 1906, he made demand of the appellant for cars to transport ninety-three fat hogs from Lafayette county, Missouri, to the National Stock Yards in the State of Illinois, and that appellant refused to furnish the cars, and that the respondent was compelled to ship his hogs to Kansas City, Missouri. The difference in the market at the National Stock Yards in Illinois and the market at the Kansas City Stock Yards was $40.92; the extra shrinkage of the hogs was $26.83; that he expended for extra feed the sum of $3, making a total sum of $71.75, which sum respondent claims he was damaged by reason of the unreasonable delay in furnishing him cars and in the transportation of his hogs. For this amount he prayed judgment in the first count of his petition."

(There was no controversy on counts two, three and six.)

"4. The fourth count of respondent's petition alleged that on the 15th day of October, 1906, he shipped from Lafayette county, Missouri, to the National Stock Yards in the State of Illinois, seventy-nine head of hogs; that owing to the fluctuation of the market and for extra feed and extra shrinkage of said hogs caused by the delay in the transportation of the same, he was damaged in the sum of $41.80. For this amount he prays judgment in the fourth count of his petition.

"5. The fifth count of respondent's petition alleged that on the 10th day of December, 1906, he shipped from Lafayette county, Missouri, to the Union Stock Yards at Chicago, Ill., twenty-one head of cattle. That owing to the fluctuation of the market and the extra shrinkage of the cattle and the extra expense for feed, he was damaged in the sum of $42.10, which sum respondent claims was caused by the unreasonable delay in the transportation of said cattle. For this amount he prayed judgment in the fifth count of his petition.

"The answer to the first count contained a general denial and then the further special defense which was

as follows: 'That at the time of such shipment the plaintiff and defendant entered into a certain written contract which was signed and executed at Myrick, Mo., by both the plaintiff and the defendant, and by the terms and conditions of which it was stipulated and agreed that said hogs should be transported under the terms and conditions of said written contract. That among other stipulations and agreements contained in said written contract entered into between the plaintiff and defendant it was agreed as follows: Fifth, that, as a condition precedent to any damage or any loss or injury to live-stock covered by this contract, the second party will give notice in writing of the claim therefor to some general officer or to the nearest station agent of the first party, or to the agent at destination or some general officer of the delivering line, before such stock is removed from the point of shipment or from the place of destination, and before such stock is mingled with other stock, such written notification to be served within one day after the delivery of the stock at destination, to the end that such claim may be fully and fairly investigated, and that a failure to fully comply with the provisions of this clause shall be a bar to the recovery of any and all such claims.' The appellant further answered that the respondent had failed to give the written notice as required in said written contract, and therefore had no right to maintain this cause of action as alleged in count one of his petition.

"To the fourth and fifth counts of respondent's petition the appellant filed a general denial together with the special defense alleging that the respondent and the defendant had executed a written contract which provided for notice for any loss or damage sustained by reason of the shipment, with the same clause as above set forth relative to the notice.

"At the December term, 1907, of the Lafayette Circuit Court, the respondent filed his demurrer to the

special defenses set forth to counts one, four and five contained in appellant's second amended answer.

"Said demurrer was as follows: 1. 'Said further answers and defenses do not state facts sufficient to constitute any defense to the causes of action set forth in said petition.' 2. 'Said further answers and defenses are inconsistent with general denials preceding the same.'

"On the 10th of December, the court sustained the respondent's demurrer and struck out the special defenses set forth in appellant's second amended answer to the first, fourth and fifth counts of respondent's petition, and then entered judgment, after hearing the testimony for the respondent on each of said counts, for the total sum of $444.39.

The sole question presented by this appeal is the action of the court in sustaining the respondent's demurrer to the special defenses set forth in the appellant's second amended answer."

The answer contains a general denial of all the allegations of the first count and then, in effect, admits that on 16th day of March, 1906, plaintiff made demand of the defendant for cars to ship his hogs to the National Stock Yards in Illinois; that his demand was refused, whereby he was compelled to ship them to Kansas City; and that in consequence thereof he suffered a loss by way of damage to his hogs and shrinkage in the market in the sum of $71.75. But defendant seeks to avoid the consequence of his admission by an allegation to the effect that the hogs were shipped under a contract, by the terms of which plaintiff agreed as a condition precedent to any claim for loss or damage to the hogs, he would give notice in writing thereof to the defendant within one day after arrival at their destination, which notice plaintiff failed to give.

It is a well-established rule that a general denial is overcome by subsequent confession and avoidance. [Price v. Mining Co., 83 Mo. App. 470; Adams v. Trigg,

37 Mo. 142; Bank v. Stone, 93 Mo. App. 292.]    But it is well settled that traverses and defenses in avoidance may go together when they are not inconsistent.    [Atterbury et al. v. Hendricks, 127 Mo. App. 47.]    The question in such instances is whether the one defense will disprove the other, or, are they inconsistent.    "Traverses and answers in avoidance may be joined when not inconsistent."    [Ledbetter v. Ledbetter, 88 Mo. 60.]    It is plain that defendant's plea of avoidance is not inconsistent with its confession, and that the truth of one may well admit the truth of the other.    The same may be said of defendant's pleas to the fourth and fifth counts of the petition.

Notwithstanding the answer to the first count is not subject to the charge of inconsistency, it is fatally defective in another respect.    The damages claimed are not alleged to have been the result of any wrongdoing on the part of defendant growing out of the shipment of the animals to Kansas City, but the result of the wrongful action of defendant in failing and refusing to ship them to the National Stock Yards, Ill., whereas the defendant's plea in bar refers to the contract of shipment to Kansas City.    The proof of defendant's bar would not be responsive to the plaintiff's cause of action.

The defendant's pleas to the fourth and fifth counts are partly good and partly bad.    In the first place, all the items of damages claimed in these counts have no reference whatever to loss or damage to the animals while in the course of shipment, except the items of shrinkage, while the contract set up by defendant as a bar to plaintiff's right of recovery refers solely to such loss or damage to the animals themselves.    [Klass Com. Co. v. Railroad, 80 Mo. App. 164.]    As these items of damage were good defense *pro tanto,* the court was in error in rendering judgment for the full amount claimed in said counts.

Plaintiff contends that the plea in bar is defective

for the reason that there is no allegation that the stipulation in the contract, that notice of loss should be given as a prerequisite to the right of recovery, is based upon a sufficient consideration and that such stipulation is unreasonable. It has been so often held that such a contract is supported by a sufficient consideration and is reasonable that we believe it is not necessary at this late date to discuss that question.

For the reasons given, the cause is reversed and remanded unless plaintiff in ten days remit on the fourth count $20.46 and $17 on the fifth count, in the aggregate $37.46 for shrinkage, in which event the cause will stand affirmed. All concur.