Freeman v. Railroad.

L. L. FREEMAN et al., Respondents, v. ST. LOUIS & SAN FRANCISCO RAILROAD COMPANY, Appellant.

Springfield Court of Appeals, November 2, 1909.

1. COMMON CARRIERS: Shipping Contract Releasing Damages for Failure to Furnish Cars. In a contract for the shipment of cattle, signed by the shipper and the agent of the carrier, is a provision that in consideration of a reduced rate the shipper agrees to release the carrier from any and all liability for breach of any alleged contract to furnish cars at any particular time, etc. The contract also recites that the carrier has two rates for the shipment of freight and that the rate named in the contract, to-wit, $26.88 per car, is a special rate and is less than the rate charged for shipments at carrier's risk. *Held*, that a reduced rate is sufficient consideration to support this release, and that the recital that the rate named is a reduced rate, must be taken as *prima facie* evidence of its truth, and therefore casts the burden of proving that it was not a reduced rate upon the shipper. There being no other evidence on this question, defendant's instruction to the effect that by the provisions of the contract plaintiffs had released and waived damages for failure to furnish cars should have been given.

2. PLEADING: Replication: Signature Fraudulently Procured to Contract. When it is contended that the signature of the plaintiff to the shipping contract, pleaded by defendant, was fraudulently or wrongfully procured, that issue should be tendered by proper allegations in the replication as provided in Section 654, Revised Statutes 1899. In the absence of such pleading that issue is not in the case.

Appeal from Phelps Circuit Court.—*Hon. L. B. Woodside,* Judge.

REVERSED AND REMANDED.

*W. F. Evans, Edgar P. Mann* and *Joseph B. Todd* for appellant.

(1) The court erred in not giving defendant's instruction in the nature of a demurrer to the evidence, because by reason of the contract entered into between

plaintiffs and defendant on August 5th, plaintiffs for the consideration of a reduced rate of freight released any damages growing out of defendant's breach of the verbal contract to furnish cars on August 4th. Hoover v. Railroad, 113 Mo. App. 688; Gann v. Railroad, 72 Mo. App. 1. c. 38; Harrison v. Railroad, 74 Mo. 364, 373; Merriweather v. Railroad, 128 Mo. App. 662; Fountain v. Railroad, 114 Mo. App. 1. c. 676, 680. (2) Where the contract of affreightment recites that the agreements therein contained are in consideration of a .reduced rate of freight, and such recital is not controverted by other competent evidence, it is *prima facie* evidence of such consideration. Mires v. Railroad, 134 Mo. App. 379; Shelton & Childress v. Railroad, 131 Mo. App. 560; McFadden v. Railroad, 92 Mo. 343; Wyrick v. Railroad, 74 Mo. App. 406; Cau v. Railroad, 194 U. S. 427.

*Lorts & Breuer* and *C. C. Bland* for respondents.

(1) The written contract of shipment does not relate to the same subject-matter as the oral contract (to furnish cars), and, therefore, the latter was not merged in the written contract. Clark v. Railroad, 189 N. Y. 93; Railroad v. Railroad, 31 Fed. 864; Harrison v. Railroad, 74 Mo. 364; Fountain v. Railroad, 114 Mo. App. 676; McCullough v. Railroad, 34 Mo. App. 23; Railroad v. House, 88 S. W. 1110. (2) The application for the shipment and the contract for shipment were presented to the shipper at a time and under circumstances when he had no freedom of choice as to rates, and when the appellant as a common carrier could not by any stipulation limit its common law liability as an insurer. 5 Am. and Eng. Ency. of Law (2 Ed.), page 301 and cases cited in footnote No. 5; Railroad v. Looney, 115 S. W. 268; Hutchison on Carriers (3 Ed.), sec. 416, page 435. (3) The stipulation waiving and releasing the damages caused by the breach

of the oral contract to furnish cars was also void, as the freedom of contract in the circumstances was denied the respondent.    George v. Railroad, 214 Mo. 551; Ficklin v. Railroad, 117 Mo. App. 221; Creel v. Railroad, 119 S. W. 30.

COX, J.—This is an action for damages for failure of defendant to furnish cars for a shipment of cattle at the time agreed upon by plaintiffs and agent of defendant.    The petition declares upon a contract to furnish two cars at Rolla, August 4, 1908, and alleges that they were not furnished until August 5th, and, in consequence thereof, plaintiffs' cattle were required to be kept in the stock pens of defendant and suffered shrinkage.    Damages are also claimed by reason of expenses for feeding and for decline in the market.    The answer is a general denial and a plea of release under the shipping contract executed when the cattle were shipped on the 5th.    Replication is a general denial.    There was a trial by jury and verdict for plaintiffs for one hundred seventy-four dollars and twenty-five cents.    Afterward plaintiffs remitted seventy-four dollars and twenty-five cents, and judgment was entered for one hundred dollars.    Defendant appealed.

Appellant contends that the verdict is excessive, after the remittitur was entered and that error was committed by the court in giving and refusing instructions.

The verdict is not excessive under the testimony, but is excessive under the issue submitted to the jury by the instructions.    The jury were, by the instructions, restricted to one element of damages—that of shrinkage in the weight of the cattle, and, if it is to be confined to that element alone, the contention of appellant is right, that under the evidence, the highest amount that could be recovered was ninety-two dollars and ninety-four cents.    Why the jury were restricted to that one element of damages, under the evidence in this case,

does not appear, but plaintiffs are not complaining and the judgment could be released of its excessiveness by a remittitur here if that were its only defect.

The evidence shows that on August 2d plaintiffs ordered two cars for August 4th and were notified by defendant's agent on August 4th that the cars would be there ready to load at seven p. m. that day. Plaintiffs then drove their cattle to Rolla and placed them in defendant's stock pens ready to load. The cars did not come until late August 5th and the cattle were loaded about eight p. m. that day and started to their destination—East Saint Louis, Illinois. A shipper's contract was signed by plaintiff Lennox, in whose name the shipment was made, and the agent of the defendant. This contract was upon a blank furnished by the company and recited that the company has two rates for shipment of freight, and that the rate named in this contract, to-wit: $26.88 per car, is a special rate, and is less than the rate charged for shipments at carrier's risk, in consideration of which reduced rate, it is mutually agreed between the parties hereto as follows: Then follows sixteen provisions, among which we find the following:

"7th. For the consideration aforesaid the shipper agrees to waive and release, and does hereby release the company from any and all liability . . . for breach of any alleged contract to furnish cars at any particular time, and the shipper hereby releases, and does waive and bar any and all causes of action for any damage whatsoever that has accrued to the shipper by any written or verbal contract prior to the execution hereof, concerning said stock, or any of them."

It is contended by appellant that this contract is an absolute defense, and that by it, plaintiffs released any claim they may have had for damages on account of failure of defendant to furnish cars on the day it agreed to, and the refusal of the court to so instruct the jury, is now urged for a reversal.

It is conceded that one holding a claim like this for damages against a railroad may release it for a valuable consideration, and, that if, as recited in this contract, plaintiffs were given a reduced rate on this shipment in consideration for this release, that would be a sufficient consideration to support it.

The real question at issue here is as to the effect of the recitals in this contract that the rate there charged—$26.88 per car—is a special and reduced rate. Appellant contends that this recital must be taken as prima facie evidence of its truth, and, therefore, casts the burden of proving that it was not a reduced rate upon the plaintiffs, and to support this contention cites McFadden v. Railroad, 92 Mo. 343; Wyrick v. Railroad, 74 Mo. App. 406; Shelton and Childress v. Railroad, 131 Mo. App. 560; Mires v. Railroad, 134 Mo. App. 379, which are squarely in point and sustain appellant's position. To controvert this we are cited by respondents' counsel to the case of George v. Railroad, 214 Mo. 551, which, it is contended, establishes a different doctrine, but a close examination of that case convinces us that instead of promulgating a different doctrine, it, in reality, supports the other cases. In the George case the contract recited "Said rate being less than the rate charged for shipments transported at carrier's risk, for which reduced rate and other considerations, it is mutually agreed between the parties hereto as follows:" No special rate was mentioned so that it could not be ascertained by an examination of the contract what rate was charged. The court held in that case that the failure to specify the rate rendered the recital that the rate charged was a reduced rate nugatory, and by placing it upon that ground, held inferentially, that if the rate charged had been inserted, as it was in this case, then the recital in the contract would have been prima facie evidence that the shipment was made at a reduced rate.

We appreciate the force of the suggestion by re-

spondents' counsel that the logic requiring the rate *charged* to be inserted, would also require the *regular* rate to be inserted, so the court and jury might determine whether there was a substantial reduction or whether the whole matter was a mere pretense to enable the carrier to escape its common law liability, but as the Supreme Court has squarely held in McFadden v. Railroad, 92 Mo. 343, to the contrary, and has practically held the same thing in the George case supra, we are bound by these decisions, and must, therefore, hold that in this case, the contract in evidence was *prima facie* evidence that the rate charged, $26.88 per car, was a reduced rate, and there being no other evidence on the question, the instruction asked by defendant upon that question should have been given.

It is contended by respondents that the damages for failure to furnish the cars at the time agreed upon had already accrued at the time the shipping contract was signed, and, therefore, could not have been contemplated by the parties in executing this contract. The contract itself precludes us from adopting this theory. A mere reading of paragraph seven of the contract, above set out, will show that it was prepared for the very purpose of covering cases like this and that it does cover it. If this matter was not contemplated, and was not, in fact, a part of the consideration for the reduced rate, yet if there was no fraud, imposition or coercion used in securing the signature of plaintiff Lennox to the contract, he must, after having signed it, be conclusively presumed to have known its contents at the time he signed it. If plaintiffs contend that the signature of Lennox to this contract, which includes the release pleaded by defendant, was fraudulently or wrongfully procured they should tender that issue by proper allegations in the replication as provided in section 654, Revised Statutes 1899. In the absence of such pleading that issue is not in the case. If it be true that

the rate charged was not a reduced rate this may be shown upon a retrial of the case.

Holding, as we do, that under the evidence as preserved in this record, the court erred in refusing defendant's instruction as to the effect of the shipping contract, the judgment is reversed and the cause remanded. All concur.