MOBILE & OHIO RAILROAD COMPANY *et al. v.* BROWNS-
VILLE LIVERY & LIVE STOCK COMPANY.

(*Jackson.* April Term, 1910.)

1. **COMMON CARRIERS.** May limit liability for injury to or
loss of freight, except for negligence.[1]

It is firmly established as a rule of law in this State that a
common carrier may, for a sufficient consideration, limit its lia-
bility for injury to or loss of property delivered to it for trans-
portation, save that such limitation shall not exempt it from the
consequences of its own negligence, or that of its servants.
(*Post, p.* 303.)

Cases cited and approved: Dillard v. Railroad, 2 Lea, 289;
Railroad v. Manchester Mills, 88 Tenn., 655; Railroad v. Stone,
112 Tenn., 352.

2. **SAME.** Reduced freight rate, or transportation over connect-
ing line, is sufficient consideration for limited liability contract.

A reduced freight rate, or an agreement to transport over its own
line and that of a connecting carrier, will constitute a sufficient
consideration to enable a common carrier to limit its liability
for injury to or loss of property in transportation. (*Post, p.*
303.)

See citations under the preceding headnote.

◄3. **SAME.** Provision for notice of claim for injury or loss as a
condition precedent to recovery is valid and enforceable, when.

A provision in the contract of carriage of live stock that, in case
of injury or loss, it shall be a condition precedent to any right
of recovery therefor that a notice in writing of the claim
shall be given the agent of the railroad actually delivering the
stock, wherever such delivery may be made, before the stock
is removed or intermingled with other live stock, is clear,
reasonable, valid, and enforceable. (*Post, pp.* 302-306.)

---

[1]As to power of carrier to limit common law liability in the
absence of negligence, see note to Little Rock & F. S. R. Co. v.
Cravens (Ark.), 18 L. R. A., 527.

Railroad v. Stock Co.

Cases cited and approved:  Blackman v. Casualty Co., 117 Tenn., 578; Schonhoff v. Railroad, 135 Mo. App., 705; George v. Railroad, 214 Mo., 551; Moore v. Railroad, 127 S. W., 921.

Case cited and distinguished:  Smitha v. Railroad, 86 Tenn., 198.

4. SAME. Same. Failure to give notice of claim as required by contract is a defense against an action for negligent injury or loss.

The consignee's failure to comply with the provision for notice of claim for injury or loss, the nature of which provision is stated in the preceding headnote, is a defense which the carrier can successfully make to an action brought by the consignee, based on alleged negligence causing injury to live stock in transit. (*Post, pp.* 303, 304).

See citations under preceding headnote.

5. SAME. Same. Same. Notice of claim for injuries or loss required to be given before removal of live stock given the next day after such removal is insufficient.

Where the provision for notice of claim for injury or loss, as shown in the third headnote, stipulates that the notice shall be given before said live stock is removed or intermingled with other live stock, the notice must be given before or at the removal, and a notice given the next day after the removal of the stock about dark the previous night, when the injuries were discovered, is too late and insufficient. (*Post, pp.* 304, 305.)

See citations under headnote 3.

6. PEREMPTORY INSTRUCTIONS. Suit will be dismissed in supreme court upon reversal for circuit judge's erroneous refusal to give peremptory instructions for defendant.

Where the circuit judge erroneously declined to grant the defendant's motion for peremptory instructions in his favor, and the supreme court reverses the judgment for such error, and suit will be dismissed in the supreme court, without remandment. (*Post, pp.* 303, 306.)

Railroad v. Stock Co.

FROM HAYWOOD.

Appeal in error from the Circuit Court of Haywood County to the Court of Civil Appeals, and by *certiorari* from the Court of Civil Appeals to the Supreme Court. JOHN R. BOND, Judge.

C. G. BOND and H. J. LIVINGSTON, for plaintiffs in error.

BATE BOND and A. M. MARR, for defendant in error.

PER CURIAM.

This action was brought to recover damages for injuries alleged to have been inflicted by the Mobile & Ohio Railroad Company and the Louisville & Nashville Railroad Company in the transportation of stock from East St. Louis, Ill., to Brownsville, Tenn., over the several lines of these two companies. Upon the trial of the case, the last-named company was released from liability, and a verdict returned and a judgment thereon entered against the Mobile & Ohio Railroad Company. From this judgment an appeal in error was prosecuted to the court of civil appeals, when the same was affirmed. The case is before us by grant of the writ of *certiorari.*

The shipment of this stock was made in a car which the shipper, at the time the animals were placed in it, examined, and it was found to be in all respects suited to receive and transport them. It is true, also, that the animals themselves were in good physical condition. In placing them in the car, however, Mr. Cooper, of the defendant in error company, who purchased and super-intended loading them in the car, testifies that, discovering that two were inclined to "bite." he caused them to be tied or haltered one in each end of the car.    The other animals were unfastened.    The testimony is uncontradicted that the car in which this shipment was made came through in due time, and without any jolt or jar which would have affected the safe transit of the stock to Humboldt, Tenn., where it was delivered to the connecting carrier, the Louisville & Nashville Railroad. After thus receiving  the car, it was, without delay, passed over the line of that road to Brownsville, the terminal point of shipment.    It reached that place about dark, and the consignee, the defendant in error, immediately took charge of the car, and removed the stock to its barn or stable.    Upon their removal, it was discovered that three of the animals were badly cut on their legs, and a fourth had a swollen place in its side, which is variously stated by the witnesses to have been from six or eight inches to twenty-four inches in length. This action was brought to recover the value of the animal last referred to, which died, as is alleged, from the effect of the injury described, within a few days after

Railroad v. Stock Co.

being received, and also damages for the injury to the three others.

The shipment of this stock was upon a limited liability contract, signed by a representative of the Brownsville Livery & Live Stock Company and the agent of the plaintiff in error. This representative—a member of the consignee company—says that he did not read the contract before attaching his signature to it, yet he concedes that he had often shipped stock on contracts which were similar. No claim is made that there was any effort made by the agent of the railroad to mislead or force upon the shipper this particular contract. In addition, the attention of the shipper was called to the fact that an election was given to take this contract with limited liability at a reduced rate, or else an open one with common-law obligations. This was done, by large red capitals at the head of the bill of lading question.

By the ninth section of this contract it is provided "that, as a condition precedent to any right to recover any damages for loss or injury to said live stock, notice in writing of the claim shall be given to the agent of the railroad actually delivering said stock, wherever such delivery be made, and such notice shall be given before said live stock is removed or is intermingled with other live stock."

The record shows that the animals were removed from the car by the defendant in error, taken to its stable or barn, in which other animals were, and that notice

Railroad v. Stock Co.

of the injury, now complained of, was not given until the following day.

At the close of the testimony, the defendant companies moved the trial judge for a peremptory instruction, which was declined. Pretermitting other objections made to the contract in this cause in the lower court, we will confine our attention to the error assigned upon the refusal to grant this motion.

It is firmly established as a rule of law, in this State, that a common carrier may for a sufficient consideration limit its liabilities for injury to or loss of property delivered to it for transportation, save that such limitation shall not exempt it from the consequences of its own negligence, or that of its servants; and a reduced freight rate, or an agreement to transport over its own line and that of a connecting carrier will constitute such a consideration. Among the cases announcing this rule, reference is made to *Dillard Bros. v. L. & N. R. R.*, 2 Lea, 289; *Railway Co. v. Manchester Mills*, 88 Tenn., 655, 14 S. W., 314; *Railroad v. Stone & Haslett*, 112 Tenn., 352, 79 S. W., 1031.

Among conditions found in a limited liability contract for the carriage of property, we had occasion during the Nashville term, 1908, of this court, to consider the reasonableness of one similar in tenor and effect to the one set out above, and it was there held the provisions was valid, and that a failure to comply with it, in such a case as is the present, was a defense which the carrier could successfully make to an action brought

by the consignee, based on alleged negligence, causing injury to stock in transit.

It has been held that a stipulation requiring notice to be given within a limited time of a claim against a telegraph company for negligence in sending or delivering a message was reasonable. Such stipulations are frequently found! in contracts with express companies and other quasi public corporations, and these have been recognized as binding. In *Blackman* v. *Casualty Co.,* 117 Tenn., 578, 103 S. W., 784, it was held that a provision in a policy, requiring written notice of any disease inSured against to be given to the insurer within ten days after its contraction, and making such notice a condition precedent to the right of recovery, was valid, and that a failure to give the notice operated as a forefeiture of the policy.

If such stipulations are enforceable, we can see no reason why a provision such as that in question should not be held valid. There may occur cases where its enforcement would be unreasonable, as, for instance, where injuries were not easily discovered by mere inspection. But, where the injuries complained of are external and visible upon ordinary examination, as were those upon the bodies of these animals, we can see no reason why it should not be recognized as valid. It imposes no unnecessary burden on the consignee of stock, while it is evident that by a failure to give notice promptly the carrier is at disadvantage, and is more of less exposed to the peril of fraudulent claims, made at a time so

Railroad v. Stock Co.

long after the delivery of the stock claimed to be injured that an intelligent investigation of the claim is difficult, if not impossible. If a notice given one day after the receipt and removal of stock will suffice, then equally would notice to the carrier months after the stock were removed be sufficient. Given, however, before or at the time of their removal, the agent of the carrier has an opportunity of examination with the view of seeing the extent of the injury, and of ascertaining whether the animals were sound, or not, at the time of their delivery of carriage, while delay, from the many transactions of a similar character which the carrier has, would render it impossible, as is clear, to make a satisfactory investigation of the one as to which complaint is made. As against consignees, to which class, unquestionably, the defendant in error belongs, there may be no necessity for such a provision. But the rule covers both honest as well as dishonest shippers, and, if reasonable, as we hold it to be, must be applied to all alike.

The validity of such a provision has been recognized in *Schonhoff* v. *Railroad*, 135 Mo. App., 705, 117 S. W., 113, *George* v. *Railroad*, 214 Mo., 551, 113 S. W., 1099, 127 Am. St. Rep., 690, and *Moore* v. *St. Louis, etc., R. R. Co.*, 127 S. W., 921.

We do not regard the case of *Smitha* v. *Railroad Co.*, 86 Tenn., 198, 6 S. W., 209, as a controlling authority against this conclusion. While holding in that case a provision in the policy there in question, "that as a

condition precedent to his right to recover any damages for loss, or injury, to said stock, he will give notice in writing of his claim thereof to some officer of said party of the first part, or its nearest station agent, before said stock is removed," etc., was unreasonable, as we understand from the opinion, because "uncertain and ambiguous," yet this qualifying sentence is found: "We do not mean to hold that in no case can a carrier stipulate time for notice of loss, or injury, if it be reasonable, definite, and certain in its terms, pointing out specifically its mode of execution."

The provision in the present case falls within this qualifying clause. It is clear and unambiguous, pointing out distinctly the manner as well as the party to whom it shall be given.

We think, therefore, that was error in the judgment of the court of civil appeals, affirming that of the circuit court, and that this latter court erred in declining to grant the motion of the plaintiff in error for a peremptory instruction in its favor.

Both judgments are therefore reversed, and the suit is dismissed.