J. R. MOORE, Respondent, v. ST. LOUIS & SAN FRANCISCO RAILROAD COMPANY, Appellant.

**Springfield Court of Appeals, May 2, 1910.**

1. **COMMON CARRIERS: Shipping Contract Requiring Written Notice of Damage.** A contract for the shipment of live stock entered into between the shipper and the railroad company, among other things, provided that as a condition precedent to the recovery of any damages for delays, loss or injury to the live stock, the shipper should give notice in writing of his claim, etc., within a day after the delivery of such stock at destination and before the shipment was mingled with other stock. *Held,* that the validity of this provision is no longer a question in this State, when the contract is based upon a consideration, such as a reduced rate.

2. **EVIDENCE: Hearsay: Statement of Stock Sales.** In a suit against a railroad company for damages to a shipment of live stock, plaintiff offered in evidence an account rendered by his

commission agents showing the disposition and sale of a shipment of stock, giving the names of the purchasers, the numbers, weight and price received therefor. Plaintiff testified that he received the account through the mail. *Held,* that this evidence was hearsay and inadmissible.

Appeal from Christian Circuit Court.—*Hon. John T. Moore,* Judge.

REVERSED AND REMANDED.

*W. F. Evans* and *Mann, Johnson & Todd* for appellant.

(1) The court erred in not giving defendant's requested declaration of law, in the nature of a demurrer to the evidence, because plaintiff had entirely failed to comply with the provisions of the contract of shipment requiring him to give notice in writing, within one day after the delivery of such stock at destination, before such stock was removed from such place of destination or was mingled with other stock. Shelton & Childress v. Railroad, 131 Mo. App. 560; Meriwether v. Railroad, 128 Mo. App. 660; Rice v. Railroad, 63 Mo. 314; Smith v. Railroad, 112 Mo. App. 610; George v. Railroad, 214 Mo. 551. (2) The court erred in admitting in evidence the purported account sales, for the reason that it was hearsay and secondary evidence, and had not been properly identified. Hoskins v. Railroad, 19 Mo. App. 315; Hess v. Railroad, 40 Mo. App. 202; Fountain v. Railroad, 114 Mo. App. 676; Henderson v. Railroad, 126 Mo. App. 610; Meriwether v. Railroad, 128 Mo. App. 663.

*G. Purd Hays* and *J. B. Delaney* for respondent.

GRAY, J.—This is an action by the plaintiff to recover damages alleged to have been sustained by him by reason of the defendant's negligent delay in trans-

porting a shipment of cattle from Springfield, Missouri, to East St. Louis, Illinois, in October, 1907.

The answer, in addition to a general denial, alleged that on the 14th day of October, the time the contract of shipment was made, defendant had in force two legal rates applicable to the transportation of live stock from Springfield, Missouri; that one of said rates applied on shipments undertaken at carriers' risk, while the other was applicable on shipments wherein the shipper, for the purpose of availing himself of a reduced rate, entered into a special contract covering said shipment, and the matters incident thereto; that the shipment in question was made under the latter rate, and a special contract entered into relating thereto; that in this special contract, it was provided that as a condition precedent to recovery for any damages for delays, loss or injury to live stock covered thereby, the shipper should give notice in writing of his claim therefor to some general officer, or the nearest station agent of the company, or to the agent at place of destination, before the stock was removed from the point of shipment, and before it was mingled with other stock, and requiring the written notification to be served within one day after the delivery of such stock at destination, and that a failure to comply with the provisions of this clause should be a bar to any and all claims.

The answer alleged the non-observance of this clause in the contract, and that no notice of any claim was given the company, as required by said contract. The evidence fails to show the giving of such notice.

The bill of lading and contract under which the shipment was made, contained the provisions set out in the answer, and also recited that the shipment was at the rate of twenty cents per hundred, and that it was a special and less rate than the one charged for shipments transported at carriers' risk, and in consideration of which reduced rate, the special contract was executed.

The validity of the provision above set forth, is no longer a question of doubt in this State. [Schonhoff v. The Railroad, 135 Mo. App. 705, 117 S. W. 113; Freeman v. The Railroad, 138 Mo. App. 322, 122 S. W. 1; Shelton v. The Railroad, 131 Mo. App. 560, 110 S. W. 627; George v. The Railroad, 214 Mo. 551, 113 S. W. 1099; Mires v. The Railroad, 134 Mo. App. 379, 114 S. W. 1052.]

The trial court refused to recognize the validity of this contract and rendered judgment in favor of the plaintiff in the sum of thirty-three dollars, from which the defendant appealed to this court.

The point is so thoroughly settled in this State by the above cases, that it will not be necessary to further discuss the same.

As the case will probably be retried, it is proper to consider the further question presented.

The plaintiff offered in evidence an instrument purporting to be an account rendered to him by the National Stock Yards Co. of East St. Louis, Ill., of the disposition of his cattle, showing the names of the purchasers, the numbers, weight and price received therefor. He testified that he received it through the United States mail from St. Louis, Mo.

The defendant objected to the introduction of the paper, for the reason that it was hearsay, secondary evidence, and was not properly identified. The court overruled the objection, and appellant saved its exception thereto. The identical question is passed on in Hess v. The Railroad Co., 40 Mo. App. 202, and the court held the same not competent, and we approve that holding.

The plaintiff may be able to prove on another trial that the rate named in the contract was not a special rate, but was the usual rate charged for such shipments, and we will reverse and remand the cause in order that he may have an opportunity to do so. All concur.