### CHICAGO, R. I. & G. RY. CO. et al. v. RICH.

(Court of Civil Appeals of Texas. Texarkana. May 11, 1911.)

1. CARRIERS (§ 35*) — TRANSPORTATION OF CATTLE—INJURIES — CLAIM — SPECIAL CONTRACT—PROVISION FOR NOTICE.

    A provision in an interstate carrier's live stock transportation contract, requiring as a condition precedent to maintenance of a claim for injuries, that notice of injury be given to some general officer or agent of the carrier, when the injury is discovered and before the cattle are mingled with other stock, and in any event within one day after delivery of the stock at destination, if reasonable and authorized by the laws of the state where the contract was made and to be performed, was not violative of the federal act regulating interstate commerce (Act June 29, 1906, c. 3591, 34 Stat. 584 [U. S. Comp. St. Supp. 1909, p. 1149]), nor inapplicable because the particular transportation involved interstate commerce.

    [Ed. Note.—For other cases, see Carriers, Dec. Dig. § 35.*]

2. CARRIERS (§ 228*) — TRANSPORTATION OF LIVE STOCK—INJURIES—EVIDENCE.

    On an issue of a carrier's negligence in the transportation of live stock, causing extra expenditure for feeding, evidence as to what was done under ordinary shipments was immaterial.

    [Ed. Note.—For other cases, see Carriers, Cent. Dig. §§ 957–960; Dec. Dig. § 228.*]

    Appeal from District Court, Jack County; J. W. Patterson, Judge.

    Action by J. R. Rich against the Chicago, Rock Island & Gulf Railway Company and others. Judgment for plaintiff, and defendants appeal. Reversed and remanded.

    Andrews, Ball & Streetman, Chapman & Lockett, and Stark & Cox, for appellants. Sporer & McClure, for appellee.

    LEVY, J. This suit is for damages to a shipment of cattle from Jacksboro to St. Louis over the lines of the three defendant companies, occasioned by alleged negligent delay and handling. The verdict was in favor of appellee against the St. Louis & San Francisco Railroad Company, and against appellee as to the other two companies.

    [1] A special demurrer was sustained as to the third paragraph of the appellants' answer, and this ruling is assigned as error. This pleading set up a special contract with appellee at Chickasha, Okl., and his nonobservance thereof, requiring him as a condition precedent to bringing suit to give notice to some general officer, claim agent, or station agent of the carrier of any loss or injury to the stock en route when discovered and before the cattle are mingled with other stock, and, in any event, within one day after delivery of the stock at its destination. This provision in the contract of shipment making failure to comply therewith a bar to any claim was, it is alleged, reasonable and authorized by the laws of Oklahoma and Missouri, and the contract was to be wholly performed in these two states, and all the damages claimed, if any, arose in these two states. The answer, if true (and we must assume it on demurrer), presents a defense to appellee's suit. See Railway Co. v. Thompson, 100 Tex. 185, 97 S. W. 459, 7 L. R. A. (N. S.) 191, 123 Am. St. Rep. 798; Railway Co. v. Hambrick, 97 S. W. 1072; Railway Co. v. Bryce, 49 Tex. Civ. App. 608, 110 S. W. 529; Railway Co. v. Smith, 135 S. W. 597; also Moore v. Railway Co., 143 Mo. App. 675, 127 S. W. 921; Aull v. Railway Co., 136 Mo. App. 291, 116 S. W. 1122. The demurrer should have been overruled and appellant permitted to show the facts therein alleged. The appellee insists that the court properly sustained the demurrer because the shipment was a through shipment between the states, and a connecting carrier is forbidden by the law from making any special contract in reference to such shipment over its line within the state. The allegations of the answer show on their face a voluntary contract fairly entered into between the shipper and the carrier to transport the cattle over its line to their destination. And the terms of the contract do not undertake to relieve the carrier of any public duty or liability imposed by law on it as a carrier. The terms of the federal act regulating interstate transportation are not violated by such contract, neither does the act undertake to prohibit or withdraw the power from the shipper and any connecting carrier to voluntarily enter into a fair and

proper special contract of shipment over its line valid and in force within the state where made and to be performed. Appellee further insists that the stipulation does not affect damages as to feed and market value. These were only a part of the damages sued for. And because only a part of the damages sued for were within the stipulation would afford no reason to sustain the demurrer.

The assignment for error relating to the third paragraph of the court's charge as being on the weight of evidence presents reversible error, and is sustained.

[2] The third, eighth, and tenth bills of exception relate to objections to certain proof. As to what was done under ordinary shipments threw no light on the issue of negligence causing the extra expenditure for feeding, and was immaterial.

The judgment as to this appellant was ordered reversed and remanded. The judgment in favor of the other two companies, not being appealed from, will remain undisturbed.