No. 23,298.

The Farmers and Merchants State Bank, of Wakefield, *Appellee,* v. N. D. Goe et al., *Appellees,* The El Dorado National Bank, Interpleader, *Appellant.*

No. 23,299.

Henry Koerner, *Appellee,* v. N. D. Goe et al., *Appellees,* The El Dorado National Bank, Interpleader, *Appellant.*

No. 23,300.

A. J. Schaulis, *Appellee,* v. N. D. Goe et al., *Appellees,* The El Dorado National Bank, Interpleader, *Appellant.*

No. 23,301.

J. F. Warnock, *Appellee,* v. N. D. Goe et al., *Appellees,* The El Dorado National Bank, Interpleader, *Appellant.*

No. 23,302.

G. H. Young, *Appellee,* v. N. D. Goe et al., *Appellees,* The El Dorado National Bank, Interpleader, *Appellant.*

No. 23,303.

C. T. Perkins, *Appellee,* v. N. D. Goe et al., *Appellees,* The El Dorado National Bank, Interpleader, *Appellant.*

No. 23,304.

Stark Brodhead, *Appellee,* v. N. D. Goe et al., *Appellees,* The El Dorado National Bank, Interpleader, *Appellant.*

No. 23,305.

Henry Sharp, a Minor, by Jesse Sharp, His Next Friend, *Appellee,* v. N. D. Goe et al., *Appellees,* The El Dorado National Bank, Interpleader, *Appellant.*

No. 22,306.

A. C. Hawkins, *Appellee,* v. N. D. Goe et al., *Appellees,* The El Dorado National Bank, Interpleader, *Appellant.*

No. 23,307.

Mid-Co-Packer Company, *Appellee,* v. N. D. Goe et al., *Appellees,* The El Dorado National Bank, Interpleader, *Appellant.*

No. 23,308.

Jesse Sharp, *Appellee,* v. N. D. Goe et al., *Appellees,* The El Dorado National Bank, Interpleader, *Appellant.*

SYLLABUS BY THE COURT.

1. ATTACHMENT LIEN—*Interplea Under Chattel Mortgage—Foreign Matters May Not Be Raised by Interplea.* A person interpleading under section 45 of the code of civil procedure cannot in 'the action, over the objection of the plaintiff, litigate with the defendant a controversy unconnected with the attached property and wholly foreign to the subject of litigation presented by the plaintiff.

2. SAME—*No Waiver by Plaintiff of His Right to Object to Foreign Issues Raised by Interplea.* The right of the plaintiff to object to such litigation as is described in the first paragraph of this syllabus is not waived by answering that part of an interplea which sets up the interpleader's claim to the attached property nor by appearing and cross-examining at the taking of depositions on behalf of the interpleader where the cross-examination concerns only the right to the possession of the property.

3. SAME—*No Error in Rulings on Pleadings.* An order denying a motion to strike out parts of an answer and to make it more definite and certain becomes immaterial when that part of the pleading to which those parts of the answer are directed is stricken out.

Appeals from Clay district court; FRED R. SMITH, judge. Opinion filed December 10, 1921. Affirmed.

*Charles W. Steiger,* of El Dorado, and *C. Vincent Jones,* of Clay Center, for the appellant.

*W. T. Roche, William M. Beall, George L. Davis,* all of Clay Center, *Theodore Remley* and *Charles W. German,* both of Kansas City, Mo., for the appellees.

The opinion of the court was delivered by

MARSHALL, J.: These appeals have been briefed and were argued together; all involve the same questions. The briefs have been filed in case No. 23,299, *Henry Koerner v. N. D. Goe et al.,* and the opinion is written in that action.

The plaintiff sued the defendants, N. D. Goe, C. C. Nelson, C. C. Nelson, trustee, Geo. O. Wolf, A. G. Penman, W. C. Richey and M. J. Munn, and C. C. Nelson Oil Syndicate for wages due for labor performed in drilling an oil well which the defendant, N. D. Goe, and another person, E. A. Soles, not a party to this action, had contracted to drill for the C. C. Nelson Oil Syndicate. The plaintiff attached all the property at and about the well as the property of all the defendants. The El Dorado National Bank held a chattel mortgage on a portion of the attached property and interpleaded in the action under section 45 of the code of civil procedure. In five causes of action, the bank as interpleader claimed that portion of the attached property covered by the chattel mortgage. In a sixth cause of action, the interpleader set up against the C. C. Nelson Oil Syndicate a claim for money on an assignment from Goe & Soles to the interpleader of the proceeds from the drilling contract, day work, and other services performed. Judgment was

rendered in favor of the plaintiff and against the defendants for the amount sued for and in favor of the interpleader for the possession of the property covered by the chattel mortgage. The interpleader's sixth cause of action was stricken out on the motion of the plaintiff. A motion of the interpleader to strike out a part of the answer filed by the C. C. Nelson Oil Syndicate to the interplea and to make the answer more definite and certain was denied. From the orders striking out the sixth cause of action set up in the interplea and denying the motion of the interpleader to strike out parts of the answer filed by the C. C. Nelson Oil Syndicate and to make that answer more definite and certain, the El Dorado National Bank appeals.

1. The principal complaint of the interpleader concerns the order of the court striking the sixth cause of action out of the interplea. That cause of action did not in any way affect the attachment lien of the plaintiff nor his right to recover from the defendants; it did not in any way concern the controversy between the plaintiff and the defendants. That cause of action was entirely foreign to every other issue in the action and to everything connected with it. Even a defendant by answer has no right to set up facts not related to those alleged by the plaintiff. (31 Cyc. 157; *Northern Light Co. v. Blue Goose Co.,* 25 Cal. App. 282, 289; *Bowers v. Bound,* 14 Ind. 218; *Aull v. Railroad,* 136 Mo. App. 291, 297.) The interpleader had no right to litigate with the C. C. Nelson Oil Syndicate anything foreign to the subject matter of the litigation presented by the plaintiff. (20 R. C. L. 692.) The plaintiff was seeking to recover judgment for the wages due him and to provide property from the sale of which, proceeds might be realized with which to pay the judgment. The action should be confined to the questions presented by the plaintiff in his petition and to his right to the property attached by him. If the interpleader had a controversy between itself and the C. C. Nelson Oil Syndicate, not connected with the plaintiff's cause of action, and attempted to litigate that controversy in the action commenced by the plaintiff, such controversy should be excluded on the application of the plaintiff. The statute giving the claimant of attached property the right to interplead in the attachment proceeding and show his right to the property reads:

"Any person claiming property, money, effects or credits attached as the property, money, effects or credits of another, may interplead in the cause, verifying the same by affidavit made by himself, agent or attorney, and issues may be made upon such interpleader, and shall be tried as like issues between

plaintiff and defendant and without any unnecessary delay. In all cases of interpleader, costs may be adjudged for or against either party, as in ordinary cases.". (Civ. Code, § 45.)

It was not error to strike out the interpleader's sixth cause of action.

2. The plaintiff answered the interplea of the El Dorado National Bank, denied the allegations of the intervening petition, and alleged that the interpleader held no valid chattel mortgage on any of the attached property. An examination of the answer of the plaintiff to the interplea does not show that he was pleading to the matter set up in the interpleader's sixth cause of action. It is true that the plaintiff's answer contained a general denial of all the matters set out in the interplea, but that general denial should be construed as a denial of facts alleged by the interpleader concerning its mortgage lien on the property attached. The answer of the plaintiff did not waive his right to object to the litigation of the questions presented by the sixth cause of action of the interplea.

It is urged that the plaintiff waived the right to object by appearing and cross-examining at the taking of a deposition on behalf of the interpleader. That deposition was of N. D. Goe, and concerned the mortgage given by him and E. A. Soles to the El Dorado National Bank on a portion of the attached property to secure the payment of money borrowed by Goe and Soles to purchase the tools with which to drill a well and to pay for the work done on it. On that subject, the plaintiff had the right to appear and cross-examine at the taking of the deposition, and did not thereby waive his right to object to the trial of the matters set out in the interpleader's cause of action, but the abstract does not show that the plaintiff in any way participated in taking that part of the deposition.

It does not appear that the plaintiff waived his right to object to the trial of the interpleader's sixth cause of action.

3. The interpleader complains of the order denying its motion to strike out part of the answer of the defendants and to make it more definite and certain. The parts of the answer attacked by the motion related to the sixth cause of action set up by the interpleader. The order striking that cause of action out of the interplea made the order on the interpleader's motion to strike out and to make more definite and certain wholly immaterial and, even if error was committed, it was entirely nonprejudicial.

The judgment is affirmed. The judgments in Nos. 23,298, 23,300, 23,301, 23,302, 23,303, 23,304, 23,305, 23,306, 23,307, and 23,308 are also affirmed.