GREEN RIVER ASPHALT COMPANY, Appellant,
v. CITY OF ST. LOUIS.

Division One, May 24, 1905.

1. **STREET: Bursting Mains: Repair by Contractor: Recovery From City.** A street paving contractor, under a contract with the owners of abutting property, constructed a pavement in a certain street and agreed to maintain the pavement and keep it in repair for five years, and after the pavement was completed certain water mains belonging to the city which were laid under the surface of the street burst, in consequence of which the pavement was torn up and greatly damaged. The contractor repaired the pavement, and sues the city for the cost. *Held*, first, that his contract to maintain the pavement in proper repair did not impose on him the duty of repairing a damage done by the bursting of the mains, and, hence, he was in making the repairs a mere volunteer, and cannot recover from the city the costs of the repairs made. *Held*, second, that the contract being between him and the abutting property-owners, he cannot recover from the city the costs of the repairs, even if the contract imposed on him the duty of making the repairs.

2. ———: ———: ———: **Liability of City.** A city owning its waterworks is liable for the negligent use of the same; but it is liable only to persons whose private property has been injured thereby. It is not liable to a contractor who under contract with abutting property-owners has constructed a pavement in a street under an agreement to keep the pavement in repair, and which, by the bursting of the city water mains, has been broken and damaged, for he has no private property interest in the pavement; that belongs to the city.

Appeal from St. Louis City Circuit Court.—*Hon. Wm. Zachritz*, Judge.

AFFIRMED.

*Wm. H. Clopton* for appellant.

(1) The general rule is that cities, like individuals, are held to the same liability as individuals. Hils-

dorf v. St. Louis, 45 Mo. 97; 2 Dillon on Municipal Corp., secs. 954, 980. (2) A municipal corporation owning waterworks which supply private consumers on the payment of tolls is liable for the negligence of its agents and servants the same as like private proprietors would be. 2 Dillon Mun. Corp., sec. 954; Hand v. Brookline, 126 Mass. 324; McAvoy v. New York, 54 How. Pr. 245; Stock v. Boston, 149 Mass. 410.

*Chas. W. Bates* and *Wm. F. Woerner* for respondent. •

(1) Under the contract set forth in the petition the plaintiff was under obligations to the abutting property-owners only in so far as his own work was concerned. If his work was done as agreed (and he so alleges), he was not required to make good the damage done by the acts or omissions of strangers or third parties over whom he had no control. A contrary construction would be absurd. Having, therefore, according to his petition, voluntarily assumed to repair the street, he cannot maintain an action against the city for work voluntarily undertaken. (2) The contract set forth in the petition "to maintain the street in repair for five years" must be construed to mean that his own work is sufficiently good to last for five years under the ordinary wear and tear incidental to the use of the street as a street. It applies only to the original quality of the work, and amounts to a guarantee thereof for the use intended, and not to repairs, as such, made necessary by the wrongful acts, or wrongful non-action, of others. "Such a guarantee is nothing more than a stipulation for a sound pavement at the outset." Barber Asphalt Co. v. Ullman, 137 Mo. 453; Bank v. Woesten, 147 Mo. 478; St. Louis Quarry Co. v. Frost, 90 Mo. App. 687; Barber Asphalt Co. v. Hezel, 155 Mo. 391. (3) The street having been reconstructed, became at

Vol 188 mo—37

once the public property of the corporation. The cause of action, if any, to the property-owners, was against the city, by them, growing out of a general violation of duty to the public; the plaintiff, as a part of the public, suffered no loss any more than any other citizen and he has no greater right of action. Verdin v. City, 131 Mo. 26.

VALLIANT, J.—Plaintiff under a contract with the owners of abutting property along a certain portion of Washington avenue constructed a pavement in the street. By the terms of the contract plaintiff agreed to maintain the pavement and keep it in repair for the period of five years. After the pavement was completed certain water mains belonging to the city which were laid under the surface of the street burst, and the consequence was the pavement was torn up and greatly damaged. It is alleged in the petition that this was caused by the negligence of the city in allowing the water mains to become old and insecure from rust and usage and subjecting them to a water pressure greater than they could sustain. After the damage was done the plaintiff repaired the pavement at a cost of $2,206, and brings this suit to recover that sum of the city.

That is substantially the case stated in the plaintiff's petition. The defendant demurred to the petition on the ground that it did not state facts constituting a cause of action. The court sustained the demurrer, and plaintiff declining to plead further, judgment was rendered for defendant, and the plaintiff appealed.

Plaintiff averred in his petition the legal conclusion that it was under obligation by the terms of the contract to repair the damage above named and that it did so in compliance to that obligation.

The plaintiff is in error in its interpretation of the contract. The plaintiff's obligation under the contract was "to maintain said pavement in proper re-

pair for and during the space of five years from November 1, 1899.''

It would have been the same in effect if it had said that the contractor agreed to construct the pavement of materials and workmanship so excellent that it would stand the use and wear to which it was liable without impairment for a period of five years.

In interpreting a similar clause in a similar contract between the city and a contractor this court in a former case has said: ''The term for keeping the agreed work in repair'' (which term was in that case, as in the case at bar, five years), ''free of cost, is not longer than the reasonable period such a work should last, if properly done at the outset. It certainly is proper for the city to require of the contractor for such improvements a sound and durable piece of finished work. The agreement to maintain the work free of cost for five years is (so far as this record shows) nothing more than a guaranty that the work shall be of that character.'' [Asphalt Pav. Co. v. Ullman, 137 Mo. 543, 1. c. 566.] That decision has since been approved in Seaboard Nat. Bank v. Woesten, 147 Mo. 467, and Barber Asphalt Pav. Co. v. Hezel, 155 Mo. 391.

The plaintiff's contract to maintain in proper repair did not, even as between it and the property-owners, impose on it the duty of repairing a damage of the kind stated in the petition. The repairs contemplated were such as use and wear might render necessary. Here was an upheaval in the street and destruction of the pavement, not in the contemplation of the parties to the contract, and not in any way attributable to faulty construction or to use and wear.

The plaintiff, therefore, was a mere volunteer in the matter of repairing the damage done by the bursting of the water main.

But even if the plaintiff correctly interpreted its contract, as between it and the property-owners it has no cause of action against the city. That was a con-

tract between the plaintiff on the one part and the abutting property-owners on the other, the city was no party to it. True the work could not have been done without the city's consent; the petition states that the work was done to the satisfaction of the Street Commissioner; to that extent, therefore, the city was a party to the work of construction. But the plaintiff doing the work under contract with the property-owners was as to the city a mere licensee, working under leave, not by right. By permitting the plaintiff to do the work of paving, the city assumed towards the public certain responsibility, but in no respect surrendered its ownership or authority over the street; it could not have done so even if it had so intended. The city could have torn up the whole pavement the next day after it was finished if it had seen fit to do so without incurring liability to the plaintiff, whatever its liability to the public or to the abutting property-owners might have been if it had been guilty of wrongful or capricious conduct in that respect.

The learned counsel for appellant cite authorities to show that a city owning its water works is liable for negligent use of the same. If through the negligence of its proper servants the city suffers a water main to burst and injure the property or person of an individual the authorities cited say that the city is liable in damages for the injury, but this plaintiff has not been damaged in its private property; the pavement alleged to have been damaged was the property of the city, not of the plaintiff, as much the property of the city as if it had been constructed by the city at its own expense. The city is not liable to the plaintiff for the alleged injury.

The judgment of the circuit court sustaining the demurrer was right, and it is affirmed.

All concur, except *Marshall, J.,* not sitting.