CITY OF MONETT, Appellant, v. M. E. GILLIOZ, et al., Respondents.*

In the Springfield Court of Appeals, December 16, 1924.

1. **MUNICIPAL CORPORATIONS: Contracts: Provision Held Binding.** Provision in contract for construction of city water reservoir that it should be so constructed as to endure without repairs for three years was binding on contractor, even though the plans, specifications, and all details of the work were prepared by the plaintiff.

2. ———: **Guaranty That Reservoir Would Not Leak Would Not Cover Leaks Caused by City Leaving it Empty and Exposed to Sun.** In suit by city on guaranty of contractor that water reservoir would not leak for period of three years, the reservoir having been found satisfactory when completed, contractor and guarantors would not be liable on guaranty if the leakage were caused by the city leaving the reservoir empty and permitting the heat of the sun to reach the floor, such a result not being contemplated by the parties.

3. ———: **Whether Leaving Reservoir Empty and Exposure to Sun Caused Leaks Held for Jury.** In action by city on bond of contractor for expenses incurred in repairing leaks in reservoir guaranteed by contractor for three years, whether reservoir was left empty by city, and heat of the sun permitted to reach the floor, thus causing leaks, *held* for jury.

4. **TRIAL: Instruction Held Erroneous.** City of Monett brought suit on bond of contractor to recover expenses of repairing water reservoir, guaranteed against leakage for three years. Instruction was given that if defendant contractor failed to construct the reservoir of such material and in such manner as to endure without repairs for three years, etc., then plaintiff should recover, unless

the jury should find that the leaks were caused from substitution by direction of the city engineer of creek gravel for crushed stone, as specified in the contract, etc. This instruction *held* erroneous, as there was no evidence that the leaks were caused by creek gravel being used in lieu of crushed stone.

5. **MUNICIPAL CORPORATIONS: Guaranty: Liability on Guaranty not Defeated by Substitution of Gravel in Construction of Reservoir.** In suit by city on account of expenses of repairing water reservoir, guaranteed by contractor for three years, no defense for contractor that leakage was caused by substitution of creek gravel for crushed stone in construction of reservoir, by order of city engineer, contrary to provisions of contract, could be allowed, for if contractor was not willing for his guaranty to cover the use of creek gravel, he should have refused to use it, unless relieved from the guaranty.

*Headnotes 1. Municipal Corporations, 28 Cyc., p 1056 (Anno); 2. Municipal Corporations, 28 Cyc., p. 1056 (Anno); 3. Municipal Corporations, 28 Cyc., p. 1043 (Anno); 4. Trial, 38 Cyc., p. 1618; 5. Municipal Corporations, 28 Cyc., p. 1056 (Anno).

Appeal from the Circuit Court of Barry County.—*Hon. Chas. L. Henson,* Judge.

REVERSED AND REMANDED.

*John T. Burgess,* of Monett, for appellant.

(1) The defendant, Gillioz, having entered into contract and bond with said city, that he would construct said reservoir with such materials and in such manner that the same would endure for a period of three years without the need of any repairs on the part of the city, became and was liable and bound, for any repairs necessary to make said reservoir fit for use for the purpose for which it was constructed. "Where a contract specifically makes the attached plans and specifications a part of the contract, a guaranty contained in the specifications binds the contractor. A guaranty that certain work done under such plans and specifications shall or will remain in good condition for a year, is broken if the

work fails to remain in good condition for a year, even though the failure was not caused by defective materials, or workmanship. Lake View v. Ritchie, 134 Ill. 208, 25 N. E. 663; Eyermann v. City of St. Louis, 178 S. W. 101. "To be guaranteed and keep in repairs for two years" imports that the work and materials shall remain in good order for that time. Erickson v. George B. H. Macomber Co., 211 Mass. 311, 97 N. E. 615; Shoenberger v. Elgin, 164 Ill. 80. The acceptance of the work does not waive a guaranty of the work for a specified period. 9 C. J. page 798; U. S. Fidelity, etc. Co. v. Damskibs-saktieselskabet Habil, 138 Ala. 348, 35 So. 344. Holding that the acceptance of work done under a contract to repair a steamship boiler does not constitute a waiver of a six months guaranty contained in the contract. Wadleigh v. McDowell, 102 Iowa, 480, 71 N. W. 336. The defendant admits that he, "used a little bit of crushed limestone, some chats, everything we could rake together" and is presumed to have known that the materials used by him were not proper materials for said work, and therefore the plaintiff was not bound by the report of the engineer, that the work was completed in accordance with the contract. Chandler v. Wheeler, 49 S. W. 278. "The fact that plans furnished by builder are defective does not relieve him from liability on a guaranty of his work where he has previously examined the plans." 24 S. W. 546. The city engineer had no authority to verbally change the specifications. The contract and specifications provided that any such change should be made in writing and attached to the specifications and the city was not bound by such change. Sec. 2164, R. S. 1919; Cook & Son v. City of Cameron, 144 Mo. App. 137; Iowa Bonding & Casualty Co. v. City of Marceline, 255 S. W. 577; Likes v. City of Rolla, 184 Mo. App. 296. Even if it should be held that the city engineer had the right to verbally change the specifications from crushed limestone to creek gravel, such change would not release the defendant from his guarantee. The

specifications provide for a change and the defendant not objecting to any such change cannot now be heard to say that he is not bound by his guarantee.   Howard County v. Baker, 119 Mo. 397, 406; City of Kennett v. Katz Const. Co., 202 S. W. 558, 563; The Ashenboedel Club v. P. J. Finley et al., 53 Mo. App. 256, 260; Orpheum Theater & Realty Co. v. Kansas City Casualty Co., 239 S. W. 841; Baylies v. Bent, 185 Ill. App. 437; The City of St. Louis v. Davidson, 102 Mo. 154; Hannan Hickey Bros. Const. Co. v. Chicago, B. & Q. R. Co., 247 S. W. 436, 440.   If the defendant made an improvident contract, he has to bear the consequences.   If he did not wish to guarantee all the materials used he should have so provided by his contract; and having, "guaranteed by his contract and bond that he would construct said reservoir with such materials and in such manner. that the same would endure for a period of three years from its completion without the need of any repairs," he is bound to make good the cost of any needed and necessary repairs to make the reservoir fit for the purpose for which it was constructed.   74 Mo. 364, 371; Paradine v. Jane, Alleyn, p. 26; Davis v. Smith, 15 Mo. 306; State v. Bland, 256 S. W. 757, 759-760; Vincent v. Morrison, 58 Mo. App. 497, 501; City of St. Louis v. Missouri Granite Const. Co., 185 S. W. 188.   And for the above reasons the court erred in not giving said instruction "E" for plaintiff.   (2)   The court erred in refusing to give plaintiff's instruction "F."   It covered the entire case as made by the testimony on behalf of plaintiff, and should have been given to the jury.   (3)   The court erred in refusing to give plaintiff's instruction "H" to the jury.   The specifications and contract provided that changes might be made in the specifications and that any such change should not invalidate the contract. Therefore, said instruction should have been given. (4)   The court erred in giving instruction No. 1, of its own motion to the jury, on behalf of plaintiff, by telling the jury they should find for plaintiff, "unless you find

from the evidence that such leak or leaks, if any, were caused from substitution by direction of the city engineer of creek gravel for crushed stone, specified in the specifications.'' The above part of the instruction was erroneous in that, that it totally ignored the contract and .specifications. The specifications plainly say they may be changed without invalidating the contract, and for the further reason there was no evidence tending to show that the defects in the reservoir were caused by creek gravel. Neither does the evidence show that defendant objected to such change. Howard County v. Baker, 119 Mo. 397, 406; City of Kennett v. Katz Const. Co., 202 S. W. 558, 568; The Ashenboedel Club v. P. J. Finley, 53 Mo. App. 256, 260; Rude v. Mitchell, 97 Mo. 365. (5) The court erred in giving instruction No. 3 on behalf of the defendant for the reason that the contract and specifications provided that changes could only be made in the same, by writing, and any change in the specifications made verbally by the city engineer was not binding upon the plaintiff. If the plaintiff city could be bound by any changes made by the engineer such changes would have to be made in accordance with the terms of the contract and specifications. Sec. 2164, R. S. 1919; Cook & Son v. City of Cameron, 144 Mo. App. 137; Iowa Bonding & Casualty Co. v. City of Marceline, 255 S. W. 577; Likes v. City of Rolla, 184 Mo. App. 296. However, if such change was one that could be legally made by the city engineer, then the instruction would still be erroneous. The contract and specifications provided that changes might be made in same without invalidating the contract. Baylies v. Bent, 185 Ill. App. 437; Howard County v. Baker, 119 Mo. 406; City of Kennett v. Katz Const. Co., 202 S. W. 563; The Ashenboedel Club v. P. J. Finley et al., 53 Mo. App. 260; Rude v. Mitchell, 97 Mo. 365; Orpheum Theater & Realty Co. v. Kansas City Casualty, 239 S. W. 841.

*H. A. Gardner,* of Monett, for respondent.

(1)   It is elementary that the law in force at the time of the execution of a contract enters into and becomes an integral part of the same. Parks v. Connecticut Ins. Co., 26 Mo. App. 511; Kessler v. Clayes, 147 Mo. App. 88; Kavanaugh v. Royal League, 158 Mo. App. 234-245. (2) Even though plaintiff stood apparently shielded with a written guaranty and maintenance bond for a period of three years, yet it was the duty of plaintiff upon the completion and acceptance of said reservoir, to use ordinary care and diligence in the maintenance and care of same. Freidenrich v. Condict, et al., 109 N. Y. Sup. 526; Mayer Bros. Const. Co. v. American Sterilizing Co., 101 Atl. 102; R. F. Conway Co. v. City of Chicago, 113 N. E. 703; District of Columbia v. Clephane, 110 U. S. 212, 3 Sup. Ct. Rep. 568, 28 L. Ed. 122; Filbert v. City of Philadelphia, 37 Atl. 545; MacKnight-Flintic Stone Co. v. Mayor, et al., 54 N. E. 661; Asphalt Company v. St. Louis, 188 Mo. 576, 579. (3) Even though the specifications were deviated from, if the change was at the instance and request of the plaintiff dictated and suggested by plaintiff's engineer, the plaintiff cannot complain of the substitution or the change in material, and defendant was relieved from his guaranty in that respect. Freidenrich v. Condict, et al., 109 N. Y. Sup. 526; Mayer Bros. Construction Co. v. American Sterilizing Co., 101 Atl. 1002; Murray v. California Conserving Co., 193 Pac. 959; State ex rel. Davvison v. Hallis, et al., 124 N. E. 515; Moors v. Kentucky Electrical Co., 208 S. W. 15; Funk v. Urton, 44 Mo. App. 607. (4) Plaintiff's engineer, by authority having ordered the creek gravel substituted for limestone, worked an estoppel against plaintiff to complain of this change. Lamar Township v. City of Lamar, 261 Mo. 184; Sparks v. Jasper County, 213 Mo. 218, 242; Simpson v. Stoddard County, 173 Mo. 466; Railroad v. Marion County, 36 Mo. 294; Dunklin County v. Chateau, 120 Mo. 594; Boone County v. Railroad, 139 U. S.

684; State ex rel. v. West, 68 Mo. 229. (5) Defendant is not responsible for any failure to perform the work according to the guarantee if such failure is caused by his doing the work under protest, in the manner directed by the owner. Freidenrich v. Condict, 124 App. Div. 807, 109 N. Y. S. 526; Construction Company v. Sterilizing Co., 258 Pa. 217, 101 Atl. 1002; Boone v. Jones, 144 Fed. 942, 6 L. R. A. (N. S.) 744; Railroad v. Goss, 203 Fed. 910; Penn Bridge Co. v. City of New Orleans, 222 Fed. 742.

COX, P. J.—Action on bond of M. E. Gillioz as contractor. Judgment for defendants and plaintiff appealed.

Gillioz was awarded a contract to build a reservoir for plaintiff and he executed the bond to the city with the other defendants as sureties. The reservoir was to be built of reinforced concrete according to plans and specifications prepared by the City Engineer. The contract contained the following guarantee on part of the contractor, to-wit: "The party of the first part expressly agrees to construct the said city reservoir with such material and in such manner that the same shall endure without need of any repairs for a period of three years from and after the first day of July or January next following the completion and acceptance thereof." Another provision made the city engineer the sole and final arbitrator to determine at all times while the work was in progress whether the contractor was following the specifications and also to determine at any and all times within the three years whether the terms of the guarantee had been met and required the contractor, on written notice from the city engineer, to make any repairs that the engineer should deem necessary. The specification were referred to in the contract and made a part thereof. The specifications designated fully the material to be used, the proportion of each in the mixture, its manner of mixing, the thickness of the walls and floor and every

possible detail of both the work and material. These specifications were examined by the contractor before submitting his bid and he knew their contents when he entered into the contract and executed the guarantee above set out. The condition of the bond covered the guarantee also.

The reservoir was built and accepted by the city and the contractor paid the amount of his contract. Later, leaks developed to such an extent that the reservoir would not hold water and the city engineer notified the contractor to repair the reservoir which he refused to do. The city then repaired it by having a new floor put in and brought this suit to recover the cost thereof.

The evidence showed that the top or finish coat of cement on the floor which was intended to insure it being water tight, cracked, got loose from the body of the floor and buckled up. The contention of defendants was that this cracking and buckling up of the finish coat of the floor was the cause of the leaks. There was evidence on part of plaintiff that the body of the floor was in bad condition. The city engineer testified: ''I examined the body of the concrete—its condition was rather fierce and I think I was there with Mr. Chapell and one or two others at the time we took out some of the concrete. It wasn't very hard. It was rather soft. The worst effect probably it had on the reservoir was that it did not hold the finish for the floor and made it leak. It did leak. I think the immediate cause of the cracking and buckling was the expansion from the heat causing it to rise from the unequal heating of the solid— the puffing. It got hotter at the top than it did at the bottom and of course the top surface of the finish would tend to expand and pull it off from the body of the concrete.'' The reservoir was partly below the surface of the ground and there was evidence that the water was let out of the reservoir and it allowed to stand for a considerable period of time with no water in it. There was no cover over the reservoir and during the time it was empty the floor

and walls were exposed to the sun, and the evidence of the engineer above set out and other testimony tended to show that the fact that the body of the floor would be cool on the bottom, the effect of the heat of the sun on the top of the floor would necessarily cause the finish coat on the floor to expand and that would cause it to crack and pull loose from the body of the floor and buckle up and cause leaks in the floor. There was evidence that by the oral direction of the city engineer creek gravel was substituted in part of the work for crushed rock called for in the specifications and that some of this went into the floor. The specifications reserved to the city and its engineer the right to make changes in the specifica· tions but required the changes desired to be put in writing and attached to the specifications before the changes could be made. The only change made was that of substituting creek gravel for crushed stone and this was done orally by the city engineer and the mayor of the city.

The above outline of the testimony will be sufficient for the purpose of passing upon the correctness of the instructions in this case, which is the real question involved in this appeal. The plaintiff asked and the court refused a peremptory instruction to find for it. This on the theory that defendants had warranted that the reservoir, when completed, would endure for three years without need of repairs and that since it was admitted that the reservoir had leaked and had to be repaired and the contractor had refused to make the repairs, the bond had been breached and defendant must repay the city the necessary outlay in making the repairs. To that contention, the defendants answered, first, that the specifications were changed against the protest of the contrac· or by substituting creek gravel for crushed stone; second, that plaintiff was notified by the contractor that it would be necessary to keep water in the reservoir to prevent the heat from the sun causing leaks and that

plaintiff's negligence in that respect was the cause of the leaks.

On the face of defendants' guarantee, they were bound to construct the reservoir in such a way that it would not need repairs for three years. We think such a provision in the contract was binding even though the plans, specifications and all details of the work were prepared by plaintiff. [Harrison v. Mo. Pac. Ry. Co., 74 Mo. 364, 371; Lake View v. Ritchie, 134 Ill. 208, 25 N. E. 663.]

We do not think, however, that the obligation goes to the extent of compelling the contractor to build a reservoir that would withstand all ravages that might result from the negligence of the city or its agents. When the reservoir was completed, it was filled with water and tested to the satisfaction of the city engineer and no leaks were found. If it were true, as the evidence tended to show, that the reservoir was left empty by plaintiff and that leaving the reservoir empty and permitting the heat from the sun to reach the floor of the reservoir would and did cause the leaks of which complaint is made, that result was not contemplated by the parties and was not covered by the guarantee of defendants. [Green River Asphalt Co. v. St. Louis, 188 Mo. 576, 579, 87 S. W. 985; City of St. Louis v. Mo. Granite & Const. Co., 185 S. W. 188, 190.] On that issue, at least, the defendants were entitled to go to the jury. The peremptory instruction asked by plaintiff was properly refused.

The other instructions asked by plaintiff and refused were in effect peremptory in their nature and were for that reason properly refused.

The court of its own motion gave an instruction to the effect that if defendant failed to construct the reservoir of such material and in such manner as to endure without repairs for three years and that proper notice was given to the contractor, etc., then plaintiff should recover unless the jury should find that the leaks, if any, were caused from substitution by direction of the city

engineer of creek gravel for crushed stone as specified in the contract, or by failure, if any, of the city to protect the reservoir by keeping water therein. This instruction is erroneous in permitting a finding for defendant if creek gravel was substituted for crushed stone by plaintiff and that such substitution was responsible for the leaks. There was no evidence that the leaks were caused by creek gravel being used in lieu of crushed stone. There was evidence that the body of the floor was soft and therefore inferior and that the leaks may have come from that source but there was no evidence that the use of creek gravel caused that condition in the floor. Plaintiff would have been entitled to an instruction to the effect that if the jury should find that the leaks were caused by the body of the floor becoming soft and not from the effects of the heat of the sun, then plaintiff should recover but an instruction of that kind was not asked.

Defendant's instructions were based on two propositions: One, that if creek gravel was substituted for crushed stone over his objection and that such substitution caused the leaks, plaintiff could not recover. As already said, this was erroneous because there was no evidence on which to base it. It was also erroneous because the substitution, if properly directed by the city engineer, would be no defense. If the contractor was not willing to allow his guarantee to cover the use of creek gravel, he should not only have protested but should have refused to use it unless he was relieved from his guaranty. As we view this case there was but one defense open to defendants and that was the negligence of plaintiff in allowing the reservoir to remain empty until the heat of the sun caused the finish coat of the floor of the reservoir to crack and pull loose from the body of the floor. If the leaks were caused in that way, the plaintiff cannot recover. If the leaks were caused by the use of improper material or by bad workmanship, then plaintiff could recover. The defendants were, there-

fore, given the benefit of one defense that was not open to them on the facts shown in the record before us.

The judgment will be reversed and the cause remanded. *Farrington* and *Bradley, JJ.*, concur.